# John Keefe and Annie Keefe, his wife, Appellants, *v.* Anne C. Sholl.

*Deceit—Fraud—Misrepresentations by agents—Scienter.*

In an action of trespass for deceit against a principal to recover damages for loss caused by the false representations of an agent, a nonsuit is properly entered when no scienter is averred in the statement, and no proof is offered that the principal had knowledge of the alleged false statements.

In an action of trespass for deceit, it was averred that the defendant's agent, who had sold to plaintiff a tract of land, had stated that the land contained three and twenty-four hundredth acres and included certain hotel stables and shedding, when in fact the defendant owned only two acres and one hundred and twenty perches of ground, and the improvements referred to were upon the land of another person. The deed described the land as "all that certain tract or piece of ground with the messuages or tenements and barns, stables and sheds thereon erected," etc., "containing about three and twenty-four hundredths of an acre, be the same more or less." There were barns, stables and sheds upon the land. There was no evidence that defendant had knowledge of the alleged misstatements of the agent. *Held,* that a nonsuit was properly entered.

*Deceit—Misrepresentation by agent—Ratification.*

In an action of trespass for deceit to recover damages for alleged false representations made by defendant's agent in the sale of land, no question of ratification can be raised, as the action is not founded on the contract.

Argued April 1, 1897. Appeal, No. 60, Jan. T., 1897, by plaintiffs, from order of C. P. No. 2, Phila. Co., Sept. T., 1890, No. 460, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for deceit. Before PENNYPACKER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James C. Sellers,* for appellants.—Principals, whether individuals or corporations, are, as a rule, although not criminaliter, yet civiliter, liable to third parties for the fraud and deceit of their agents when committed in the course of principal's business. For, since somebody must be the loser by the deceit, it is more reasonable that he who employs and puts confidence in

the deceiver should be a loser than a stranger : 1 Am. & Eng. Ency. of Law, tit. Agency, 417 ; 5 Am. & Eng. Ency. of Law, tit. Deceit, 322 ; Story on Agency, sec. 452 ; Addison on Torts, sec. 813 ; Parsons on Contracts, sec. 9 ; Bennett v. Judson, 21 N. Y. 238 ; Mundorff v. Wickersham, 63 Pa. 87 ; Haskell v. Starbird, 152 Mass. 117 ; Beem v. Lockhart, 1 Ind. App. 202 ; Land Co. v. Studebaker, 37 Fla. 28 ; Busch v. Wilcox, 82 Mich. 315 ; Law v. Grant, 37 Wis. 548 ; Gunther v. Ullrich, 82 Wis. 222 ; Lynch v. Mercantile Trust Co., 18 Fed. Rep. 486 ; City Nat. Bank v. Dun, 51 Fed. Rep. 160 ; Hern v. Nichols, 1 Salk. 289 ; Barwick v. English Joint Stock Bank, L. R. 2 Exch. 259 ; Mackay v. Commercial Bank, L. R. 5 P. C. App. 394.

He who puts it in the power of another to commit a fraud must bear the consequence; where one of two parties who are equally innocent of actual fraud must lose, the one who by misplaced confidence in an agent or attorney has been the cause of the loss, shall not throw it on the other: Penna. R. Co.'s App., 86 Pa. 80 ; Mundorff v. Wickersham, 63 Pa. 87 ; Xander v. Com., 102 Pa. 434 ; Bank of Kentucky v. Schuylkill Bank, 1 Parsons Eq. Rep. 248 ; Lycoming Fire Ins. Co. v. Woodworth, 83 Pa. 223 ; Eilenberger v. Protective Mut. Fire Ins. Co., 89 Pa. 464 ; Jones v. National Building Assn., 94 Pa. 215 ; Erie City Iron Works v. Barber, 106 Pa. 125 ; Brooke v. New York, L. E. & West. R. R., 108 Pa. 529 ; Wheeler & Wilson Mfg. Co. v. Aughey, 144 Pa. 399 ; McNeile v. Cridland, 168 Pa. 16 ; Meyerhoff v. Daniels, 173 Pa. 555 ; Freyer v. McCord, 165 Pa. 539 : Blygh v. Samson, 137 Pa. 368.

Even if Freyer v. McCord should be held to rule the present case, the appellants contend that the record here shows ample evidence of ratification to have been submitted to the jury.

*David H. Stone,* for appellee, was not heard but cited in his printed brief : Griswold v. Gebbie, 126 Pa. 353.

PER CURIAM, April 19, 1897:

In this action of trespass for deceit, alleged to have been practiced by defendant in connection with the sale of a certain tract of land, the statement of claim avers, among other things, that " said defendant, by her agent and attorney in fact, one Abraham Rankin, then and there represented to the plaintiffs that

the said tract of land contained three and twenty-four hundredths acres, and that the line thereof ran within six feet of the door of the Wheat Sheaf Hotel upon the adjoining premises, and included the hotel stables and shedding, and other valuable improvements ; . . . . that the representations aforesaid were false and fraudulent; that the defendant owned but two and one hundred and twenty perches of ground ; that the line of her land was ninety-seven feet six inches distant from the hotel door, and that the valuable stables and shedding which the defendant, by her said agent and attorney, had represented to be upon the land sold were not upon her land at all, but were upon land owned by another person, in which she had no interest whatever."

These averments constitute the alleged deceit. No scienter is averred in the statement, nor does it appear that there was any offer to make proof thereof on the trial. On the contrary, the defendant, called as on cross-examination, testified positively that she had no knowledge of the alleged false statements.

The recital of the premises conveyed in the deed, executed and delivered by the defendant, as " all that certain tract or piece of ground, with the messuages or tenements and barns, stables and sheds thereon erected," etc., " containing about three and twenty-four hundredths of an acre, be the same more or less," is no evidence of deceit. The facts recited were literally true. The quantity of the land was stated only approximately, the true contents being given by courses and distances ; and the deed did in fact convey " barns, stables and sheds," but not all that the plaintiffs supposed they were buying.

The question of ratification is not involved in the case, because the action for deceit is not founded on the contract, but on the alleged fraudulent representations and guilty knowledge on the part of the defendant. In the absence of any evidence of such knowledge, on her part especially, there could be no recovery : Freyer v. McCord, 165 Pa. 539.

Further elaboration is unnecessary. The evidence introduced by the plaintiffs was insufficient to carry the case to the jury, and hence the nonsuit was properly ordered, and there was no error in refusing to take it off.

Judgment affirmed.