# DUGGINS v. COLBY.

No. 2686.   Decided January 9, 1915 (145 Pac. 1042).

1. CONTRACTS—ACTIONS FOR BREACH—FINDINGS—DAMAGES.   Defendant sold to plaintiff, in exchange for a tract of land at an agreed price, a flock of sheep, which he agreed to have registered before a fixed date.   Before that date plaintiff sold the sheep to others, with an agreement to have them registered. Some of the sheep were not registered by defendant, and plaintiff compromised the claims of his buyers against him for failure to register the sheep, and then brought action for the breach of the contract by defendant.   The court found that the registering of sheep adds to their market value, and that, by the failure of defendant to have the sheep registered, plaintiff's actual damages were a sum equal to the amount for which he compromised with his buyers, but there was no finding as to the number of sheep which were not registered or the market value of unregistered sheep of the kind and quality sold.   *Held*, that the finding was insufficient for not stating facts from which it appeared that plaintiff suffered the amount of damages therein stated or any damages.   (Page 337.)

2. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.   The legal measure of plaintiff's damages in that action was the difference between the agreed value of the land given in exchange for the sheep, and the reasonable market value of the sheep unregistered, though plaintiff may have paid his buyers more than that in his voluntary settlement with them; but, if the amount of his settlement was less than the legal measure of damages, he could recover only that amount.   (Page 338.)·

3. APPEAL AND ERROR—REVIEW—FINDINGS BY SUPREME COURT. In an action at law the Supreme Court cannot examine the evidence to determine what the findings should have been on a particular question upon which no findings were made by the trial court.   (Page 339.)

Appeal from District Court, Sixth District; *Hon. Joseph H. Erickson,* Judge.

Action by S. M. Duggins against Joseph Colby.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED.

*John F. Chidester* and *Thurman, Wedgwood and Irvine* for appellant.

*E. E. Hoffman* for respondent.

FRICK, J.

The plaintiff commenced this action in the district court of Sevier County to recover damages for a breach of contract. It is not necessary to refer to the pleadings. The court found that on October 25, 1911, the plaintiff and defendant entered into a contract in writing as follows:

"Know all men by these presents: That I, Joseph Colby, of Salina, sell to S. M. Duggins, of Gunnison, for his relinquishment right of 480 acres of land in Millard County, Joseph Colby to assume all money due on same, for the following property: Land to be valued at six thousand seven hundred and twenty-eight dollars. Sheep, jack and mules at the following: Prince Jack, $2,500; sheep, 165 head, $6,200; mules, two head at $200 each, $400. Pick of balance of herd if we need any for to make up on sheep, at 150 not over 200 head to be taken unless short on sheep only one. All sheep to be registered sheep only three old sheep to be taken. Value of all sheep to be $20 per head. Eleven bucks to be average of herd 65 lambs. Herd 50 ewes. Herd 39 yearlings Aug. 2. I, Joseph Colby, to have all sheep registered that are not now registered by the 1st of March, 1912, or forfeit $20 per head."

The court further found that the sheep in question were delivered to the plaintiff, and that thereafter, and before March 1, 1912, he sold and delivered a number of the sheep to one Bench, another number to one Crane, and the remainder to one Stillman, and as part consideration of said sales

agreed with said purchasers that the defendant had agreed
to register said sheep, and therefore the plaintiff agreed that
he would have them registered on or before March 1, 1912;
that the defendant failed to comply with the conditions of
the contract entered into between him and the plaintiff, in
that defendant failed to have seven head of the sheep that
were sold to said Crane registered, and hence the plaintiff
was compelled "to violate his contract with the said Crane,
and the plaintiff and said Crane agreed to compromise and
settle the plaintiff's violation of said contract by not having
seven head of sheep registered for the sum of fifty dollars,
which the plaintiff paid to said Crane." The court further
found that the defendant failed to have registered a large
number of the sheep which plaintiff sold to said Stillman,
and that by reason of such failure said Stillman refused to
pay the plaintiff therefor, and therefore the plaintiff "was
compelled by said Stillman to deduct from the agreed price
between plaintiff and said Stillman the sum of $497, and
plaintiff and said Stillman settled for said unregistered sheep
by deducting from the purchase price which said Stillman
had agreed to pay plaintiff for said sheep to be registered on or
before the 1st day of March, 1912." The court further found:

"(11) That the registering of sheep adds to their market
value, and that by the failure of the defendant in having the
said sheep registered as agreed in the said contract the plain-
tiff's actual damages were $547 and interest from May 1,
1912, amounting to $64.10, or a total damage of $611.10."

The conclusions of law and judgment are based upon the
foregoing findings.

Defendant's counsel assail the so-called finding last above
set forth. Stating their assignment in their own language,
they contend that the finding is vulnerable "for the
reason that no fact is stated in said finding from which
it can be concluded that said amount of damages, or
any damage, was sustained by the plaintiff, except such as he
incurred by his own voluntary act in making an unauthor-
ized and unnecessary compromise settlement with Stillman."
It is also assigned as error that the court failed to find the

difference in the market value between unregistered sheep and
sheep that were entitled to be registered of the grade, quality,
and kind of sheep in question, but which were neglected to
be registered, as shown by the evidence, and that the court
committed error in not finding the number of sheep that the
defendant had failed and neglected to have registered. It is
also insisted that the court erred in its conclusions of law
and in entering judgment for the aggregate of the two
amounts for which the plaintiff settled with Stillman and
Crane as appears from said findings.

We are of the opinion that counsel's contentions are well
taken. It will be observed that the so-called finding No. 11
is more in the nature of a conclusion than a finding of
fact. But let us assume that it is sufficient as a finding          **2**
of fact. Yet the court, either inadvertently or other-
wise, omitted to find the market value of the sheep in question
as unregistered sheep. The parties, as the record discloses,
had bought and sold the sheep and fixed the price thereof
on the assumption that they were registered sheep for the
reason that they were entitled to be registered. In view
therefore that the breach relied on by the plaintiff consisted
in defendant's failure to have the sheep registered as agreed
upon, the legal damages which he could be required to pay,
under the pleadings in this case, would be the difference
between the contract price, if any (in this case the market
value of the land given in exchange for the sheep), and the
market value of unregistered sheep of the grade, kind, and
quality of the sheep in question which were entitled to be
registered. The court merely found ''that the registering of
sheep adds to their market value.'' Upon this finding the
court then proceeds to base its conclusion that inasmuch as
the plaintiff and Stillman had adjusted and settled the lat-
ter's claim for $497, and that plaintiff and Crane had ad-
justed and settled Crane's claim for fifty dollars and because
the plaintiff was required to deduct the aggregate of the two
claims from the price for which he had sold the sheep to
Stillman and Crane, therefore plaintiff, as matter of law, was
entitled to recover said sum from the defendant as damages.
In arriving at this result the court, apparently at least, had

not the slightest regard for the number of sheep the defendant had failed to have registered, nor for the value of unregistered sheep of the grade, kind, and quality of the sheep in question which were entitled to be registered. The record discloses that some of the sheep sold were registered, as agreed by plaintiff, and hence it was necessary to find the number he failed to register. While it may be that, as matter of fact, the court arrived at the correct amount of damages, yet, if he did, it is a matter of mere conjecture so far as the record and findings disclose. The defendant is entitled to have the correct legal measure of damages enforced, whether it be for or against him. Of course, the plaintiff could recover only the amount of actual damages sustained by him, although that amount was less than the legal measure of damages. In settling with the purchasers of the sheep, he may, however, have allowed them more than the legal measure, and, if he did so, the loss is his own and he cannot compel repayment from the defendant. While this may not be so, yet, from the findings the court made, it appears that the court allowed as damages the full amount which the plaintiff allowed to the purchasers. We have no legal means of determining whether the amount thus allowed was more or less than the legal measure of damages, and since it may be more, and in no event constitutes the legal measure of damages, the amount as found is contrary to law and cannot be justified.

This is a law case, and we have no power to look into the evidence for the purpose of determining what the findings upon any particular question or phase of the case should be. That, in such cases, is the exclusive province of the court or jury, and all we have the power to do is to determine whether there is any substantial evidence to support the verdict of the jury or the findings, or of any particular finding of the court. If there is competent evidence in this regard therefore (which we very seriously doubt) upon which the court could have based a finding respecting the measure of damages which we have suggested, yet it is unavailing to us, because, as pointed out, we have no power to make findings in law cases, nor, in the first instance, suggest what, under the evidence, they should be.

For the reasons indicated, the judgment is reversed; and the cause is remanded to the District Court of Sevier County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Defendant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.