## LOVE et al. v. St. JOSEPH STOCK YARDS CO.

No. 3132.   Decided December 27, 1917.   (169 Pac. 951.)

1. EXCEPTIONS, BILL OF—SETTLING, SIGNING, AND FILING—STIPULA-
   TION.   The provision of Comp. Laws 1907, section 3286, providing
   that, where the adverse party suggests amendments to the proposed
   bill of exceptions which are not excepted by the party who pro-
   posed the bill, the bill together with the suggested amendments
   must, within ten days, be presented to the judge for settlement,
   applies only where the judge must act as an arbiter respecting what
   the bill shall contain the judge merely authenticates the bill, and
   the date on which the bill is presented to the clerk is the material
   date, so that the judge may sign any time thereafter when the bill
   is presented to him by the clerk.   (Page 306.)

2. APPEAL AND ERROR—FINDINGS OF COURT—REVIEW.   Findings of the
   trial court supported by substantial evidence will not be disturbed
   on appeal.   (Page 310.)

3. SALES—BREACH OF CONTRACT BY BUYER—DAMAGE.   Where the evi-
   dence showed that horses were worth at least twenty dollars a head
   more than the contract price, the seller could not recover any sub-
   stantial damages for failure of defendants to receive and pay for
   the horses according to contract, as plaintiff could only, in any
   event, recover the difference between the contract price and the
   market price.   (Page 311.)

4. PRINCIPAL AND AGENT — UNDISCLOSED PRINCIPAL — LIABILITY TO
   THIRD PERSON—RELEASE OF AGENT.   Where plaintiff knew there
   was an undisclosed principal, but nevertheless settled with the agent
   for the breach of contract and released him, he could not thereafter
   recover from the principal.   (Page 312.)

Appeal from District Court of Weber County, Second Dis-
trict; *Hon. A. W. Agee,* Judge.

Action by Ed. Love and another, co-partners, against the
St. Joseph Stock Yards Company and others.

Judgment dismissing action.   Plaintiffs appeal.

AFFIRMED.

*George H. Halverson* and *James N. Kimball* for appellants.

*Booth, Lee, Badger & Rich* and *M. E. Wilson* for respondent.

## FRICK, C. J.

On July 31, 1916, the plaintiffs commenced this action against R. Evans and J. R. Wilson, who were alleged to be partners, to recover damages for an alleged breach of the contract hereinafter referred to. On August 7, 1916, plaintiffs filed their amended complaint in which the St. Joseph Stock Yards Company, a corporation, hereinafter called respondent, is made a party to the action with said Evans and said Wilson. After a trial to the court without a jury, to wit, on the 24th day of February, 1917, the court, on plaintiff's motion, entered judgment dismissing the action as against the defendants Evans and Wilson, made findings of fact and conclusions of law, and entered judgment upon the merits in favor of respondent, dismissing the action against it. The plaintiffs, hereinafter styled appellants, appeal.

Respondent has interposed a motion to strike the bill of exceptions upon the ground that the same was not settled and allowed within the time prescribed by our statute, and that the district judge had no authority or jurisdiction to settle and allow the same at the time it was signed. The facts in that regard are as follows: The motion for a new trial was denied March 12, 1917. Nothing appears in the record that notice of the overruling of the motion for a new trial was served on appellants' counsel. The record, however, shows that appellants' counsel served their proposed bill of exceptions on respondent's counsel, and that the latter accepted service thereof without objection or protest on April 4, 1917, and that they suggested no amendments thereto. While the record does not show when respondent's counsel returned the bill of exceptions to appellants' counsel, it does show that on April 24th the bill of exception was filed by the clerk of the district court of Weber County, which filing is indorsed as being "before settlement." The district judge in his certificate attached to the bill of exceptions certifies that he received

the same from the clerk on the 10th day of May, 1917, and that he signed it on that day. The bill was accordingly filed on that day by the district clerk, who indorsed thereon that it was filed "after settlement." Comp. Laws 1907, section 3286, which is the section that controls here, so far as material, reads:

"When a party desires to have exceptions taken at a trial settled in a bill of exemptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party."

That section also provides that the adverse party may, within ten days after the bill of exception is served upon him, propose amendments thereto; and further provides when and how the bill shall be settled and allowed in case amendments are proposed and the party proposing the bill refused to agree to them. The section further provides that in case no amendments are proposed the judge may settle and allow the bill without notice, etc. It is also provided that in case the bill is settled and allowed by the judge it must then be filed by the clerk. It is, however, also provided that in case amendments are proposed the party desiring to settle a bill of exceptions may deliver his proposed bill, together with the amendments of the adverse party, to the clerk, who shall present the same to the judge for settlement and allowance, which, whether it is delivered to the clerk by the party aforesaid or is by such party personally presented to the judge, must upon notice to the adverse party, be settled and allowed by the judge within ten days after its receipt from the adverse party. The judge certifies that he received the bill in question from the clerk on the 10th day of May, 1917, which was more than 30 days after the motion for a new trial was denied. In view, however, that no notice of the overruling of the motion for a new trial appears to have been served in this case, respondent's counsel make no claim that the bill was not served on them

within proper time. Their contention, stated in their own language, is:

"Now, unless the filing mark of April 24, 1917, above set forth, showing a filing with the clerk before settlement, is the legal equivalent of the 'delivery to the clerk for the judge' within the meaning of section 3286 of the Complied Laws of Utah, 1907, then the order of settlement made by the judge on the 10th day of May was not within time, and is void for that reason. It is clear that the appellants had the proposed bill in their possession on the 24th day of April, 1917, when the filing before settlement was made. If the appellants did have the bill in their possession on the 24th day of April, 1917, then it was incumbent upon them, if they sought to comply with the statute, to either present that proposed bill to the judge who tried the case, or to 'deliver it to the clerk of the court for the judge,' within ten days or not later than the 5th day of May, 1917. Unless they made the presentment to the judge in person or made a delivery to the clerk for the judge on or before said 5th day of May, then the presentment was not within time, and a presentment of the 10th day of May is without time, and of no force and effect.

"The respondent contends that the mere 'filing before settlement' with the clerk of the district court on the 24th day of April, 1917, is not a delivery to the clerk for the judge; and that such filing before settlement on said date can have no force or effect."

Counsel in their brief further say:

"The question which is presented by the contention of the respondent is, as we believe, a new one in this state. It involves the meaning of what has been called a 'filing before settlement.' If that 'filing before settlement' is the legal equivalent of a 'delivery to the clerk of the court for the judge,' then, of course, the contention of the respondent cannot prevail; but the respondent submits that it cannot be held to be such an equivalent, that the only effect of a mere filing with the clerk before a settlement is to make the clerk or his deputy a depositary of the party seeking to settle the bill."

In our judgment respondent's counsel construe and apply

too strictly the provisions of the statute which require that, in case the adverse party suggests amendments to the proposed bill of exceptions which are not accepted by the party who proposed the bill, the bill, together with the suggested amendments, must, on notice, within 10 days, be presented to the judge for settlement and allowance. It will be observed that that provision applies only where the judge must act as an arbiter between the parties respecting what the proposed bill shall contain; that is, where amendments are proposed by the adverse party which are not accepted by the proponent of the bill. Where, as in the case, the parties practically stipulate what the bill shall contain, then all the judge is required to do is to authenticate the same by his official signature. After that is done it may be filed as the bill of exceptions in the case. In such a case the judge merely signs; that is, authenticates the bill that the parties have agreed upon. We are of the opinion therefore that, in a case like the one at bar, where the bill is delivered to the clerk for the purpose of having the same signed by the judge, the date on which the bill is presented to the clerk is the material date and that the judge thereafter may sign the same when the bill is presented to him by the clerk for that purpose. Under such circumstances, the party proposing the bill has substantially complied with all the provisions of the statute and has, so to speak, delivered the bill as the statute authorizes him to do, and in having thus complied with the mandate of the statute he should not be prejudiced merely because either the clerk or the judge has failed to act at once in the matter. Under the circumstances, we are of the opinion that the judge had the power to sign the bill in this case, and for that reason the motion to strike must be denied.

Proceeding now to a consideration of the merits, we remark that this action is based on a written contract which reads as follows:

"This agreement made this ———— day of September, 1915, Love & Meek agree to sell to J. R. Wilson 151 head of horses for $70.00 per head and one dollar and fifty cents to deliver to Bend. Wilson also to pay $1,500 down as a bond to take the

Bal. of horses due Love & Meek under their contract with Bill Brown, approximately 600 head, or all Brown could gather by 31st day of October, 1915. 'All horses to be merchantable mares and geldings and over 15 hands high and four years olds and up, and to be paid for at the corrals designated by Wilson. Delivery to be made each week in not less than two car loads. Fifteen hundred dollars to apply on last delivery.

"[Signed] Love & Meek, by Otto Meek.

"J. R. Wilson.

"Witness: Bill Brown."

As stated at the opening of this opinion, appellants brought this action against both Evans and Wilson and also against the respondent. In doing that they proceeded upon the theory that Evans and Wilson were the agents of the respondent, who was their undisclosed principal, and the foregoing contract was breached in that respondent had refused to receive a large number, to wit, 448 head of the horses which it had agreed to receive and pay for under the terms of said contract, by reason of which appellants were damaged in the sum of $8,000, for which amount they prayed judgment. We could subserve no good purpose in attempting to state the different theories of the parties to this action. It must suffice to say that the court found the issues of fact in favor of the respondent, and, in view that this is a law case, if the findings are supported by any substantial evidence we may not interfere with them. Among other findings, the court made the following:

"That all of the said horses mentioned in said written contract which the said defendant stock yards company refused to receive from the said plaintiffs were, at the time and place when the same should have been delivered by the plaintiffs, and should have been received and paid for by the said defendant under said contract, of the fair market value of more than $70, to wit, of the value of at least $90 each; and that the plaintiffs therefore did not sustain any damage whatsoever by reason of the refusal of said defendants or either of them to receive and pay for the remaining 488 head of said horses or from the breach of said contract."

The evidence is abundant to support the finding, and hence it is conclusive upon us. In view of that finding, therefore, if it were conceded that the respondent were liable as an undisclosed principal, yet, under the most elementary rule of damages, appellants could not have been damaged by **3** the failure of the respondents to receive the 448 head of horses. Appellants, in any event, could only have received the difference, if any, between the contract price and the market value of the horses at the time respondent should have received them under the contract if the market value were less than the contract price. The evidence of one of the appellants is that the horses were worth at least twenty dollars a head more than the contract price. Under the evidence, the court therefore could not have found any substantial damages. The conclusion of law, based on the foregoing finding, that "the plaintiffs (appellants) did not suffer any damages whatsoever," is therefore entirely sound. If it be assumed, however, that in an action for breach of contract, although the plaintiff may suffer no substantial damages, he, in case the breach is established, is nevertheless entitled to nominal damages, since such damages are always implied by law, or if it be further assumed, as counsel contend, that appellants are entitled to judgment for a small balance which was left unpaid on the horses which were actually delivered and received under said contract, then what follows is still a complete answer to counsel's contention. The court, in substance, found that on the 28th day of December, 1915, the appellants then having full knowledge of the alleged relationship between the defendant Wilson and the respondent, and that the latter was the undisclosed principal of said Wilson, settled all claims arising out of the contract sued upon and received satisfaction therefor, and that for that purpose a bill of release in writing was made by plaintiffs, to wit:

"Spokane, Washington, Dec. 28, 1915.

"This is to certify that J. D. Wilson has settled in full all he owed Love & Meek of Miles City on contract regarding horses purchased Sept. 7th, 1915, and will look to St. Joe Horse & Mule Co. for balance.                Otto Meek."

Upon that finding the court made a conclusion of law that in settling with said Wilson the appellants had released all of the defendants, including the respondent.  The law seems to be well settled that, in case of an undisclosed principal, the plaintiff may sue either the agent or the principal,        4 but cannot obtain judgment against both.  Moreover, if the plaintiff knows that there was an undisclosed principal, and he nevertheless elects to sue the alleged agent, he can thereafter not pursue the undisclosed principal, since he has elected to treat the alleged agent as the principal.  *Linquist* v. *Dickson,* 98 Minn. 369, 107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024.  The same rule applies where, as in this case, the appellants have settled with the alleged agent for the alleged breach of contract and have released him. *Booth* v. *Baron,* 29 App. Div. 66, 51 N. Y. Supp, 391; *Orvis* v. *Wells Fargo & Co.,* 73 Fed. 110, 19 C. C. A. 382.

In view of the foregoing, it is unnecessary to further discuss the other assignments of error, nor the other reasons urged by respondent's counsel why the judgment should be affirmed.

The judgment is therefore affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.