MONAGHAN v. ALEXANDER.

No. 4926.   Decided May 17, 1930.   (287 P. 908.)

*Wallace Calder,* of Vernal, for appellant.

*Chas. De Moisy,* of Vernal, for respondent.

FOLLAND, J.

This is an action for damages for breach of contract. By contract dated February 25, 1922, appellant agreed to furnish to repondent yearly, for a period of four years, 175 tons of hay and an undivided one-half of pasturage on 403 acres of land and use of corrals and sheds on the land for a lump sum of $1,200 per year. Both parties observed their respective obligations under the contract for two years when appellant gave notice of termination and respondent was compelled to look elsewhere for pasturage accommodations and hay for his sheep.

The trial court held that appellant wrongfully breached the contract, and entered judgment for damages in favor of respondent.

Only one question is presented by this appeal, namely, What is the measure of damages for failure to deliver the 175 tons of hay each year of the remaining two? Appellant contends that the true measure of damages is the difference between the contract price and market price of the hay at the times of delivery. There is no allegation of special circumstances showing proximate damages of a greater

amount. *McGoldrick* v. *Taggart* (Sup.) 179 N. Y. S. 359. It is not claimed that there was no available market, but on the contrary the evidence shows there was, and in the complaint it is alleged respondent paid the market price. It is contended by appellant the case comes within the provisions of Comp. Laws Utah 1917, § 5176, par. 3 (Uniform Sales Act), which is as follows:

"1. Where the property in the goods has not passed to the buyer, and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain an action against the seller for damages for non-delivery.

"2. The measure of damages is the loss directly and naturally resulting in the ordinary course of events, from the seller's breach of contract.

"3. Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

See, also, 35 Cyc. 633; *Love* v. *St. Joseph Stock Yards Co.*, 51 Utah 305, 169 P. 951; *Peterson* v. *Peterson et al.*, 42 Utah 270, 130 P. 241; 2 Williston on Sales, 1478.

Respondent concedes this is the general rule but says it is not applicable here because the contract provided for payment of a lump sum annual payment for the pasturage, use of sheds, and the hay, without fixing any definite price for the hay. Respondent proved merely the amounts he paid for hay pasturage and other accommodations. Appellant testified to a market value of hay less than was paid by respondent. The findings merely set out the total sums paid for these items, and judgment was rendered for these sums after deducting the contract price of $1,200 for each year. No proof of market value was offered by respondent, and no reference to market value made in the findings.

The appellant must prevail as, under the circumstances of this case, he may be held only for the difference between

the contract price of the hay which he failed to deliver and the market value at the agreed time of the delivery. The fact that a total sum is specified in the contract does not obviate the necessity of showing the market value of the product, nor take the case out of the general rule. The contract price of $1,200 is to be deducted in any event from the total damages. Market value does not enter into the question of deductions, but is the measures of allowable expenditures. We have no means of determining from the findings whether the amount allowed was more or less than legal damages to which respondent would be entitled, since the legal measure of damages was not used. *Duggins* v. *Colby,* 45 Utah 335, 145 P. 1042.

The judgment is reversed, and the cause remanded to the district court of Uintah county for a new trial. Appellant to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.