ANDERSON v. SALT LAKE CITY et al.

No. 5101. Decided May 3, 1932. (10 P. [2d] 927.)

*Shirley P. Jones, A. W. Watson,* and *W. A. Fraser,* all of Salt Lake City, for appellant.

*Gaylen S. Young,* of Salt Lake City, and *D. R. Gustaveson,* of Los Angeles, Cal., for respondents.

CHRISTENSEN, District Judge.

The plaintiff instituted this action against the defendants, Salt Lake City and B. Young, an infant, to recover judgment for damages alleged to have been sustained by her because of the negligence of B. Young while on duty as an employee of Salt Lake City as a truck driver. The case was tried to the district court and a jury, and a verdict was rendered in favor of the plaintiff and against the defendant Salt Lake City, upon which verdict judgment was duly entered. The defendant thereafter moved for a new trial, which said motion was by the court denied, and said defendant prosecutes this appeal. The assignments of error are:

(1) The court erred in denying the motion of the defendants to direct a verdict in favor of the defendant.

(2) The court erred in overruling and denying appellant's motion for new trial.

In its brief the defendant Salt Lake City relies upon the following grounds: (1) That there is absolutely no evidence of negligence on the part of the defendants; (2) that there is no evidence that Salt Lake City was responsible for the conduct of B. Young at the time the accident occurred, or that

B. Young at the immediate time of said accident was working for Salt Lake City; (3) that the verdict is inconsistent and cannot stand.

Upon the claim of the said defendant that there is no evidence of negligence on the part of the defendants, we find that the evidence discloses that the accident in which the plaintiff was injured occurred near 1731 South Fifth East street, Salt Lake City. The defendant, B. Young, while employed by the defendant Salt Lake City, a corporation, as a truck driver, was operating a Ford motor truck owned by said city and was driving south on Fifth East street, and that at about 1731 South Fifth East street he decided to turn the said Ford truck around to proceed in a northerly direction, and, in order to make the turn, drove into a private driveway on the east side of said Fifth East street, the said private driveway running in a southeasterly direction from said Fifth East street, and then backed said Ford truck into Fifth East street. Just before the defendant Young started to make the turn, he saw the Chevrolet automobile, in which the plaintiff was riding as an invited guest, coming northward on said Fifth East street at a distance of about three-quarters of a block, and traveling north at what was estimated by the defendant Young as a speed of from twenty to thirty-five miles an hour. The defendant drove into the said driveway until his hind wheels were a little further in than the sidewalk, when he stopped and put the motor in reverse, and then backed out into the center of Fifth East street at about seven to fifteen miles an hour, without looking behind him and without sounding his horn, and then without sounding his horn and failing to look around down the street south again, or making any signals whatever, he proceeded forward in low gear, and had proceeded but a few feet when the collision occurred. At the time the said truck driven by defendant Young had backed out into the middle of Fifth East street, the Chevrolet car had approached very near and attempted to pass on the east side of the Ford truck, but as the truck

came forward, after backing into the street, the brakes on the Chevrolet automobile were put on, but it was too late, and it was hit and forced over on the east curb up against two trees and came back onto the street and was then, by the truck, forced over on its side, and as it turned over the arm and hand of the plaintiff received the injuries complained of.

As we view the evidence, which it is true was somewhat conflicting on certain points, we are of the opinion that there was ample evidence to justify the jury in believing that the defendant B. Young was negligent in the handling of the said truck, and that such negligence was the proximate cause of the collision and consequent injury to the plaintiff.

The second contention of defendant is that Salt Lake City is not responsible because the plaintiff failed to prove that at the time and place of the accident and resultant injury to the plaintiff B. Young, joint defendant was working for Salt Lake City and Salt Lake City was responsible for the conduct of B. Young. The employment of said Young by the defendant Salt Lake City at the time of the collision is alleged in paragraph 2 of plaintiff's complaint, the allegations of which paragraph are admitted by paragraph one of the defendant's answer. It is true that in paragraph 3 of defendants' answer there is a denial of each and every allegation of paragraph four of plaintiff's complaint (wherein it is alleged that defendant B. Young, an infant employee of Salt Lake City, and while on duty in such employ, and while being engaged upon the city's business at the time of the collision in question, etc.), but said paragraph 3 of defendants' answer thereupon adds: "Except as hereinafter admitted or qualified"; and in paragraph 7 of said defense, and as a separate defense, it is alleged that defendant Young, while in the employ of the defendant Salt Lake City, was driving a Ford car belonging to Salt Lake City at the time of the said collision.

It is elementary and this court has frequently held that a fact essential to a cause of action need not be proved if admitted by the pleadings of the adverse party; and admissions contained in a pleading are conclusive as against the pleader and are proof of the facts which they ▉█ admit, and render evidence thereon unnecessary. However, in addition to these admissions, there is the evidence of the defendant Young, upon his direct examination, when he was a witness for the defendants, that he was employed by Salt Lake City in the engineering department in August, 1929, and that on the morning of August 5, 1929, he was driving a Ford truck belonging to Salt Lake City from the city engineering office south on Fifth East street. There is no merit in appellants' second contention.

Thirdly: It is contended by the appellant that the verdict cannot be sustained because it is inconsistent, in that the plaintiff brought an action jointly against Salt Lake City and B. Young, as master and servant, and that if the master is liable for the acts of the servant, solely on ▉█ the ground of respondeat superior, the verdict against the master alone cannot be sustained; for if the servant was not liable the master was not. The case in question was brought under the theory of respondeat superior. There is no claim on the part of the plaintiff that the defendant Salt Lake City was guilty of direct negligence, but it is alleged by her that because of negligence on the part of B. Young, while in the employment of Salt Lake City, she was injured and that Salt Lake City is responsible as master of B. Young, upon the ground of respondeat superior. It is therefore clear that, if the defendant B. Young was not guilty of any negligence which was the proximate cause of the injury complained of, defendant Salt Lake City could not be liable therefor. We are then confronted with the question, Did the jury find by its verdict that Young was not guilty of such negligence? The jury did find Salt Lake City negligent, and rendered a verdict against it, and awarded damages to the plaintiff. It (the jury) must therefore have

found, before it could have rendered a verdict against Salt Lake City, that either Salt Lake City or its employee B. Young, or both, must have been guilty of such negligence, and since Salt Lake City could not under the facts in this case be guilty of such negligence, it goes without saying that the jury must have found that B. Young, its servant, was guilty of such negligence. That the jury did not make a specific finding or verdict with respect to the negligence of B. Young may well be understood when we consider that the plaintiff, at the trial, as is shown by the records in this case, through her counsel, stated that she did not care to get a judgment against the boy, and, if there were no objections by the court or city, she would waive her rights against the boy, and would not proceed against him. Counsel for the city made no objection to proceeding in that manner, and the record further shows that the court gave the following instruction, No. 3, to the jury: "You are instructed that B. Young, a defendant named herein, is a minor, and not represented by any guardian, and for that reason is, as a matter of law, not before the Court. You are instructed not to render any verdict against him"; to which instruction no exception was taken by the defendants.

If the evidence justified the verdict as to the party held there is no reason why it should not be deemed good as to him, notwithstanding there is no finding as to the other defendant. It is contended by the defendant Salt Lake City that the respondent cannot now avail herself of the fact that there was no verdict rendered against the defendant B. Young, because it was her duty to object to the instruction of the trial court to the effect that they could render no verdict against the said defendant Young, and that she failed to do so at the time, and appellant cites in support of that contention the case of *Doremus* v. *Root*, 23 Wash. 710, 63 P. 572, 54 L. R. A. 649. But in that connection it must be observed that in the said case the court held that the duty to object rested only upon the party who was adversely affected by that instruction, and in the instant case it was

the appellant Salt Lake City who would be adversely affected, and upon whom the duty to object rested.

We think the law in this respect is properly set ∎
forth in the case of *Dunbaden* v. *Castles Ice Cream
Co. et al.*, 103 N. J. Law 427, 135 A. 886:

"The failure of a jury to return a verdict against the servant in
a suit against both master and servant based upon the doctrine of
respondeat superior, in which a verdict is returned against the master,
affords no ground to set aside the judgment rendered against the
master. Upon the rendition of such a verdict the case stands as to
the servant as if it had never been tried."

Therefore the appellant's third ground cannot be sustained. We find no error in the denying by the trial court of appellant's motion to direct a verdict in favor of the defendants, nor in overruling and denying appellant's motion for a new trial; and the judgment appealed from should be affirmed. It is so ordered.

CHERRY, C. J., and ELIAS HANSEN and EPHRAIM HANSON, JJ., concur.

FOLLAND, J., being disqualified, did not participate herein.

STRAUP, J.

I concur in the affirmance of the judgment. However, I think the last or "thirdly" point presented by the appellant and considered in the main opinion is of no moment. Where a principal or master and his offending servant are both sued for damages alleged to have resulted through the negligence of both, the question of whether a finding or verdict in favor of the servant of no cause of action also requires a similar finding or verdict in favor of the prinicipal or master where his liability is dependent upon the tortious acts of the servant or under what circumstances a finding or verdict in such case may still be made or rendered against the principal or master, is not, as I think, here involved.

The city and its servant Young were both made defendants, and both charged with negligence. But the case as to the servant was withheld from the jury, not on the ground of a want of evidence to show negligence on his part, but on the ground that, because he was a minor and not represented by guardian or other representation, he was not suable or legally brought before the court. In other words because of that, the case stood as though the city alone had been sued, in which case it of course was responsible for whatever tortious acts were committed by its agent in the course of his employment, and the fact that the agent was a minor did not relieve the city from such responsibility. The court charged the jury that Young was the servant and the agent of the city, and that whatever negligence as alleged was committed by him in operating the automobile driven by him in the course of his employment, and while engaged in the business of the city, was the negligence of the city; and that before any verdict could be rendered against the city the jury were required to find that Young was guilty of negligence as in the complaint alleged, of which the jury were fully informed. And by their verdict the jury so found. Thus the point presented by the appellant has no relevancy.