Opinion by
 

 Hibt, J.,
 

 This action in trespass Avas brought by plaintiffs to recover back a hand payment of $1000 made by them on a contract for the purchase of land. The contract and the hand payment Avere induced by the deceit of a real estate agent in the employ of defendant, Everett B. Dunbar. The jury found for plaintiffs against that defendant in the above amount Avith interest. A nonsuit had been entered as to the other defendant. Under the circumstances it seems clear that recovery Avas improperly alloAved in this, an action in tort for deceit. Judgment therefore Avill be entered for the appellant-defendant n. o. v., but Avholly Avithout prejudice to the plaintiffs to proceed in assumpsit on the theory of money had and received.
 

 The verdict establishes these facts: Without the actual knoAvledge of, or notice to, the defendant Everett B. Dunbar, one of his selling agents interested the plaintiffs in the purchase of a property at 343 Parkway Drive, in Mount Lebanon. The agent deceived the plaintiffs as to the size and capacity of a garage on the premises, a matter of importance to them. The stone garage was a part of the house, built of the same material, and for that reason its size could not be determined or accurately estimated by inspection from the outside. On one pretext or another the agent stated that it was impossible for him to secure a key to open the locked garage for inspection. Plaintiff Margaret L. Littler is a practicing physician and it was necessary for her to keep an automobile on the premises available at all times. When she raised the question, stating that she wanted to measure the garage from the. inside, the agent assured
 
 *273
 
 her that the garage was long enough to accommodate her Lincoln Zephyr car or any other modern automobile. On the strength of this representation she and her husband agreed in writing to buy the property for $25,000 and made the down payment of $1,000. The owner of the property died on the day following the signing of the agreement and plaintiffs were unable to get into the garage until about ten days later. It then was at once apparent that the garage was too small for Dr. Littler’s car and that its condition had been misrepresented in other respects. The plaintiffs then rescinded their contract on the ground of fraud and deceit, and brought this action.
 

 In this transaction the real estate agent was duly authorized to act on behalf of his principal, Everett B. Dunbar, the defendant, and in general a principal is liable for his agent’s misrepresentations. But an action in trespass for deceit is founded on fraud or moral wrong. And since plaintiffs chose that form of action the burden was on them to prove the wrong clearly and in addition, to show that the principal knew of the fraud and participated in it or at least was put on inquiry by the circumstances. Under the Pennsylvania rule a principal is not liable in deceit for his agent’s false representations where he has not authorized nor participated in them nor knowingly permitted the agent to make them. Proof of scienter on the part of the principal at the time of the misrepresentation is an essential part of the plaintiffs’ case.
 
 Freyer v.
 
 McCord, 365 Pa. 539, 30 A. 1024;
 
 Keefe et ux. v. Sholl,
 
 181 Pa. 90, 37 A. 116. The fraud was sufficiently established in the present case but scienter was neither alleged nor proved and the circumstances did not put the principal on inquiry. He was ill when the present contract was negotiated and had taken no part in the conduct of his business for some time.
 

 
 *274
 
 The Restatement, Agency, in §§257 and 258 adopts the contrary rule, applicable elsewhere, to the effect that the principal is liable for his agent’s misrepresentations made within the scope of his authority though amounting to fraud and deceit. This is also noted as the generally accepted rule, in 2 Am. Jur., Agency, §362. The holding of the
 
 Freyer
 
 and
 
 Keefe
 
 cases, however, though at variance with the rule generally applicable, has not been qualified by our later cases in Pennsylvania. Cf.
 
 Gillespie et al. v. Hunt et al.,
 
 276 Pa. 119, 125, 119 A. 815. In the
 
 Freyer
 
 case the Supreme Court entered judgment for defendant notwithstanding the verdict in plaintiff’s favor. And in the
 
 Keefe
 
 case the refusal of the lower court to take off a nonsuit was affirmed. A new trial would not avail plaintiffs on the issues raised in the present action in deceit; appellant clearly is entitled to judgment n. o. v.
 

 The plaintiffs were within their rights in rescinding the contract induced by the false representations of defendant’s agent.
 
 Sutton v. Morgan et al.,
 
 158 Pa. 204, 27 A. 894;
 
 Meyerhoff v. Daniels,
 
 173 Pa. 555, 34 A. 298. If then they had sued in assumpsit, on the theory of money had and received, they would have brought themselves squarely within the rule of
 
 Ohlbaum v. Mayer et ux.,
 
 285 Pa. 260, 131 A. 858, and would have been entitled to recover against this appellant since he benefited by his agent’s fraud and kept the hand payment.
 

 On the trial of this case the court excluded the testimony of the real estate agent who negotiated the contract. His testimony was not made incompetent by the death prior to the trial of plaintiff Carl W. Littler, a party to the contract, under the Act of May 23, 1887, P. L. 158, 28 PS §322, as the court improperly ruled.
 
 Sargeant v. Insurance Company,
 
 189 Pa. 341, 41 A. 351. This error will not be repeated in the event of the trial of a new action in assumpsit.
 

 Judgment reversed and here entered for the appellant, n. o. v.