294 P.2d 705

Kenneth FRIEDMAN and Virginia E. Friedman, his wife, Plaintiffs and Respondents,

v.

Byron W. LUNDBERG, d/b/a Lundberg Plumbing Co., Defendant and Cross Complainant,

and

Mountain Fuel Supply Company, a corporation, Defendant and Appellant.

C. Leslie Wheeler, John H. Tempest and John H. Tempest, Jr., d/b/a Wheeler & Tempest, et al., Defendants.

No. 8236.

Supreme Court of Utah.

March 6, 1956.

B. Z. Kastler, Salt Lake City, for appellant.

Stewart, Cannon & Hanson, Arthur A. Allen, Jr., Dey, Hoppaugh, Mark & Johnson, Ray, Rawlins, Jones & Henderson, George E. Bridwell, Salt Lake City, Robert Rees Dansie, Murray, for respondent.

CROCKETT, Justice.

Mrs. Virginia Friedman sued Mountain Fuel Supply (Gas Co.), Wheeler and Tempest Excavation Contractors, and Lundberg Plumbing Co. for injuries resulting to her from an explosion in the basement of her home while she was sitting in her living room.

A jury awarded plaintiff a verdict against defendant Gas Co., but exculpated the other two defendants through whom the Gas Co. had installed the gas main in the street and the service connections to plaintiff's home. The judgment has become final as to them and this appeal is taken by the Gas Co. only.

The principal claims of negligence against the Gas Co., both in the pleadings and the evidence, relate to the conduct of the other two defendants, Wheeler and Tempest, and Lundberg Plumbing Co., in connection with the installation of the gas main and service facilities. The jury was obviously in error in imposing liability upon the Gas Co. and exonerating those through whom it operated. We do not know whether the jury believed that the agents and the Gas Co. were in fact all negligent and rendered a verdict against the Gas Co., releasing the agents because of sympathy; or, believed the agents were non-negligent and because of prejudice rendered a verdict against the Gas Co., or whether they misunderstood the instructions.

Where verdicts are inconsistent, courts have reacted variously. Some, assuming that the jury must have acted from prejudice against the master, order that judgment be entered in favor of the master notwithstanding the verdict.[1] Others, assuming that the jury was motivated by sympathy for the servant, order that judgment be entered against the master despite the inconsistency in verdicts.[2] Yet other courts assert that the proper remedy requires setting aside both verdicts and ordering a new trial against both master and servant.[3] A reviewing court cannot ordinarily tell upon which basis the jury rendered its inconsistent verdicts, but in any event the verdicts exonerating the agents and holding the Gas Co. are inconsistent and cannot be permitted to stand.

■■ The plaintiff has urged that there is a sufficient basis in evidence to sustain the verdict against the Gas Co., independent of the conduct of the other defendants; whereas the Gas Co. argues contra and that there is not even sufficient evidence to go to the jury as to it. Inasmuch as the inconsistent verdicts require a new trial and that, "when the record is returned to the District Court the parties may, of course, amend their pleadings to clarify, make definite, or raise any issues of fact or law [or any defenses] they may deem pertinent to their cause and which they desire to make an issue on the trial"[4],

1. E. g., Willy v. Atchison, T. & S. F. Ry. Co., 1946, 115 Colo. 306, 172 P.2d 958; Chesapeake & O. R. Co. v. Williams' Adm'x, 1945, 300 Ky. 850, 190 S.W.2d 549; Jentick v. Pacific Gas & Elec. Co., 1940, Cal.App., 105 P.2d 1005 (facts similar to instant case); compare Anderson v. Salt Lake City, 1932, 79 Utah 324, 10 P.2d 927.

2. E. g., Strickfaden v. Greencreek Highway Dist., 1926, 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; Texas & P. Ry. Co. v. Huber, 1906, Tex.Civ.App., 95 S.

W. 568. Kentucky did follow such rule, see Illinois Cent. R. Co. v. Appelgate's Adm'x, 1936, 268 Ky. 458, 105 S.W.2d 153, but later abandoned it in Louisville & N. R. Co. v. Farney, 1943, 295 Ky. 8, 172 S.W.2d 656.

3. E. g., Monumental Motor Tours v. Eaton, 1945, 184 Va. 311, 35 S.E.2d 105; Barnes v. Ashworth, 1930, 154 Va. 218, 153 S.E. 711, and cases cited.

4. Loos v. Mountain Fuel Supply Co., 1940, 99 Utah 496, 108 P.2d 254, 259.

**370**

we deem it inadvisable to discuss other matters raised on this appeal because the issues and the evidence may or may not be the same.

Because of the inconsistent verdicts a new trial is granted as to the Gas Co. Costs to appellant.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.