324 P.2d 772

**M. S. COSTELLO, Plaintiff and Respondent,**

**v.**

**John I. KASTELER and Uranium Chemical Corporation, a corporation, Defendants and Appellants.**

**No. 8759.**

Supreme Court of Utah.

April 28, 1958.

Benjamin Spence, Salt Lake City, for appellants.

Greenwood & Swan, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a judgment in favor of M. S. Costello, plaintiff below and respondent herein, for the reasonable value of services rendered by him to appellants in loading trucks with materials from a mine.

Appellants contend the court erred in allowing an amendment to respondent's amended complaint which in effect changed the complaint from one on an express contract to one for quantum meruit without granting the requested time to be able to prepare to meet evidence in this new cause of action. There is no merit to this contention. The amended complaint alleged in one paragraph thereof in its First Cause of Action against Kasteler a claim on an express contract and in another paragraph thereof that "the agreed value and the reasonable value of said services is the sum of $1,155.00" and the same averments were made in his Alternative First Cause of Action against the Uranium-Chemical Corporation. The amendment by interlineation which the court allowed was in the prayer of the complaint which before the amendment prayed for judgment in the amount of $1,155.00 and after the amendment prayed for that sum "or the reasonable value of said services." It is apparent from the allegations in the complaint that respondent was claiming payment both on an express contract and on a quantum meruit basis and appellant should have been prepared to meet both issues. The court therefore did not err in allowing the amendment.

Appellants further contend that the court erred in granting judgment against both of them since the court found that at the time of the negotiations for the services appellant Kasteler did not disclose

to respondent that he was acting as the agent for the appellant Uranium Chemical Corporation and the law is well settled that where a contract is entered into with the agent of an undisclosed principal for the use and benefit of the principal an election must be made as to whether the agent or the principal will be held liable, but a judgment cannot be obtained against both. As authority appellant cites Love v. St. Joseph Stock Yards Co., 51 Utah 305, 169 P. 951. That case does contain a dictum to that effect and respondent concedes that the majority rule in the United States is to the effect that after discovery of an undisclosed principal a judgment cannot ordinarily be obtained against both the principal and the agent. As stated in 118 A.L.R., page 704, note 111:

"It has generally been held that where the agent and undisclosed principal are joined, the plaintiff may not have judgment against both, but must, prior to judgment, elect to hold one or the other."

Ordinarily plaintiff would not be entitled to judgment against both. However, appellants did not demand or move for an election by respondent as to whether the principal or agent should be held and the failure to do so was a waiver. See note 111(b), 118 A.L.R. page 707 and cases therein cited. Since respondent in his brief has stated that if this court should find that he is not entitled to judgment against both appellants then he requests that he be allowed to make his election in this court and chooses to hold the agent Kasteler. We deem it proper to grant this request.

Affirmed with instructions to vacate the judgment against appellant Uranium Chemical Corporation. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WORTHEN, and HENRIOD, JJ., concur.