397 P.2d 983

Estella D. WILKERSON, now Estella D.
Wilkerson Muratet, Plaintiff
and Appellant,

v.

Woodrow W. STEVENS and Ketchum Realty
Company, a Utah corporation, Defend-
ants and Respondents.

No. 10183.

Supreme Court of Utah.

Jan. 5, 1965.

Roy F. Tygesen, Magna, for appellant.

D. M. Draper, Jr., Salt Lake City, for
respondents.

HENRIOD, Chief Justice:

Appeal from a judgment dismissing plain-
tiff's complaint as to defendant Ketchum.
Affirmed. No costs awarded.

Defendant Stevens was a licensed real
estate salesman, employed by defendant
Ketchum. He found a buyer for plaintiff's
property, but did not disclose to her the
fact that he was employed by Ketchum.

Necessary papers were executed effecting
the sale. Orally it was agreed that the
buyer would make original payments to
Stevens until the real estate commission
was paid, and a sum for a pro rata payment
of taxes. Thereafter the buyer was to pay
the balance of the price to Mrs. Wilkerson.
The buyer made the agreed payments to
Stevens, who kept not only the amount of

the commission, but also $10.87 that represented the pro-rated taxes, after which Stevens abjured the realm.

Mrs. Wilkerson later learned that Stevens worked for Ketchum, real estate broker, and sued both for the amounts Stevens had received from the purchaser and for other asserted damages, on a principal-agent theory. She took judgment against Stevens, and the lower court dismissed the action as to Ketchum. The plaintiff chose to retain her judgment against Stevens, but appealed to this court, seeking to charge Ketchum also.

Under these facts it seems inescapable to decide other than to affirm the trial court, in view of our pronouncement in Costello v. Kastler,* to the effect that where an undisclosed principal is identified before suit, the complainant must make an election as to which he chooses to hold responsible. Such an election has been made in this case.

* 7 Utah 2d 310, 324 P.2d 772 (1958).
1. Restatement (Second), Agency, § 217B (1); see id., Appendix, § 217B (collecting cases) (1958); cf. Anderson v. Salt Lake City, 79 Utah 324, 10 P.2d 927, 929 (1932).
2. Littler et ux., v. Dunbar, et al., 166 Pa. Super. 271, 70 A.2d 365 (1950); 3 Am. Jur.2d § 314, p. 673; Murphy v. Barnhard, 162 Mass. 72, 80, 38 N.E. 29, 32

McDONOUGH, WADE and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I concur in affirming the judgment but make this observation: I think under some circumstances a party who had been wronged by an agent for an undisclosed principal, acting within the scope of his authority, when the principal knew the facts or accepted the benefit of the transaction, could hold them jointly liable and could sue and take judgment against both the agent and the principal. But he, of course, could collect his loss only once, which would satisfy his claim.[1] In this case the transaction was entirely with the defendant Stevens, independent of any connection whatsoever with the Ketchum Realty Company. It is my opinion that on that ground the trial court was justified in dismissing the action as to it.[2]

(1894); see 31 Pacific Digest, Principal and Agent, ☞158 (1962); Leigh v. Swartz, 74 Ariz. 108, 116, 245 P.2d 262, 267 (1952); cf. 3 C.J.S. Agency § 245 with id., § 244; cf. also Restatement (Second) Agency, § 198 Caveat, with id., § 199, id., § 199, illus. 1 (1958); cf. Allred v. Hinkley, 8 Utah 2d 73, 77 at n. 2, 328 P.2d 726, 728–729 (1958).