403 P.2d 31

**Estella D. WILKERSON, now Estella D Wilkerson Muratet, Plaintiff and Appellant,**

**v.**

**Woodrow W. STEVENS and Ketchum Realty Company, a Utah corporation, Defendants and Respondents.**

**No. 10183.**

Supreme Court of Utah.

June 9, 1965.

Roy F. Tygesen, Magna, for plaintiff and appellant.

D. M. Draper, Jr., Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff-seller sued Woodrow Stevens, a real estate salesman, for $468.32 with which he absconded after receiving it as an intermediary in connection with selling a house for the plaintiff, and for other damages. She also joined as a defendant Ketchum Realty Company on the theory that it was an undisclosed principal for Stevens. Plaintiff obtained a default judgment against Stevens in the lower court, but upon the representations made at pre-trial, the district court entered summary judgment in favor of Ketchum. Plaintiff appealed this order of dismissal, seeking to hold Ketchum.

In a prior decision in this cause,[1] we affirmed the lower court and indicated that, by taking the judgment against Stevens, the plaintiff appeared to have elected to hold him rather than Ketchum. In her petition for rehearing the plaintiff asserts that she had never been given a choice as to which of the defendants she would hold if required to make an election; that under ruling of this court in the case of Costello v. Kastler,[2] she should be permitted such choice, even in this court; and that if she is so required, she would choose to hold Ketchum rather than Stevens. Upon hearing reargument of the case and giving further consideration to the issues involved, it is our conclusion that the question of election as to which defendant she will hold is

1. Wilkerson v. Stevens, 16 Utah 2d 173, 397 P.2d 983 (1965).

2. 7 Utah 2d 310, 324 P.2d 772 (1958).

moot,[3] because in any event the trial court was correct in ruling that there is no basis upon which to impose liability upon the defendant Ketchum.

While it is true that upon review of the summary judgment of dismissal against plaintiff we should view the facts shown and the fair inferences therefrom in the light most favorable to her, nevertheless, when it appears that she could not in any event establish a right to recover, the ruling must be affirmed.[4]

Where the plaintiff dealt with the defendant Stevens on a personal basis, and seeks to go beyond him to hold a third party liable as an undisclosed principal, it is her burden to prove that such a principal and agency relationship existed. In the absence of an estoppel situation, which is not present here, this would require the showing of a reasonable basis to support a finding that the alleged agent and principal so intended and would include at least some knowledge and intention of participation in the transaction by the alleged principal.[5]

There had been prior dealings between the plaintiff and the defendant Stevens. A little over a year before the transaction here in controversy, in May 1960, Stevens, who was then employed as a real estate agent with the Gaddis Investment Company, found a buyer for the plaintiff's house and arranged a sale. It proved abortive and the property reverted to the plaintiff. In July 1961, Stevens again contacted the plaintiff, got permission to sell her house, and arranged a sale to some people named Gallegos. Inasmuch as plaintiff did not have the money to pay Stevens' commission, it was agreed that the buyers should pay to Stevens until his commission was satisfied. After the buyers had made payments to Stevens, amounting to the $468.32 sued for, the buyers and plaintiff compared records and then sought Stevens to give an accounting, which resulted in this lawsuit.

It is significant that it was not until the foregoing had transpired and the lawsuit was commenced that plaintiff learned that Stevens had been connected with the defendant, Ketchum, and upon learning this fact, joined the latter as a defendant. In dealing with her, Stevens had acted in his own name and it is not contended that any other representation was made to her. There was no listing with Ketchum; its name did not appear on any document; nor was its name mentioned in any way. That being so, plaintiff, of course, did not in any

---

3. That grant of the application for rehearing in this case supersedes the prior decision, see Karren v. Bair, 63 Utah 344, 353, 225 P. 1094, 1097 (1924).

4. As to the advantages of granting summary judgment under proper circumstances, see Henry v. Washiki Club Inc., 11 Utah 2d 138, 355 P.2d 973 (1960).

5. See Restatement (Second) Agency, § 199 (1958).

manner rely on Ketchum Realty, nor upon defendant Stevens' connection with it.[6] Inasmuch as Stevens handled this business on his own and collected his own commission, Ketchum did not receive, did not anticipate receiving, and did not claim, any commission on this transaction.[7] In fact, it did not in any manner participate in or know anything about any of the acts plaintiff complains of until this suit was filed against it.

From the facts recited it will be seen that there is no indication that the alleged agent intended to be acting for a principal, nor that the alleged principal had any such intention with respect to the agent, nor that the plaintiff had any such intention with respect to either. The trial court was correct in its view that these facts would preclude any finding that the relationship of agent and principal existed in the transaction. This conclusion is not altered by the mere fact that Stevens as a licensed real estate salesman was connected with the defendant Ketchum Realty.[8] Nor is the latter fact alone sufficient to charge Ketchum with responsibility for Stevens' misdeeds.[9]

Affirmed. Costs to defendant Ketchum Realty Company. (Respondent.)

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.

6. See id., comment *a*.
7. Cf. Young v. Buchanan, 123 Utah 369, 259 P.2d 876 (1953).

8. See Real Estate Brokers Act, Title 61, ch. 2, U.C.A.1953.
9. Supra note 6.