423 A.2d 727

**Scott ECKRICH and Deborah Eckrich, his wife,**

v.

**Dennis DiNARDO and Kathleen DiNardo, his wife, Appellants,**

v.

**STANLEY BECK REALTY.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed Dec. 5, 1980.

---

Anthony J. Seneca, Washington, for appellants.

Stephen T. McCloskey, Washington, for appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

PRICE, Judge:

This is an appeal from an order sustaining preliminary objections to the complaint of defendant–appellants, Dennis and Kathleen DiNardo, to join Stanley Beck Realty as an additional defendant in an action of trespass.

Appellants owned a residence located at 148 Washington Street in Cokeburg, Washington County. Scott and Deborah Eckrich, husband and wife, purchased the residence after visiting it with appellants' real estate agent, Stanley Beck Realty [hereinafter Realty]. The agent was the only party with whom Mr. and Mrs. Eckrich had direct dealing prior to the sale. After they concluded settlement of the property, Mr. and Mrs. Eckrich discovered certain defects in the foundation which had caused the newer portion of the house to separate from the main dwelling unit. The Eckrichs then instituted the present action against the appellants, seeking damages in trespass for fraudulent or negligent misrepresentation in the inducement of the contract.

Appellants answered the original complaint and thereupon filed a complaint to join Realty as an additional defendant. In their complaint, appellants alleged that Realty was solely liable to the plaintiffs or, in the alternative, jointly and severally liable with them on the plaintiffs' cause of action. The appellants averred both in their complaint and their answer that 1) they had no knowledge of any defects in the foundation, and 2) they apprised Realty at the time it

undertook to represent them of all pertinent information concerning the property.

Realty subsequently filed preliminary objections alleging that appellants' complaint for joinder failed to state a cause of action. The Court of Common Pleas of Washington County agreed that joinder of Realty as an additional defendant was improper and, accordingly, sustained its preliminary objections seeking dismissal of appellants' complaint.[1] We disagree and reverse the order entered below.

The right to join an additional defendant in Pennsylvania is governed by Pa.R.C.P. 2252. This rule authorizes joinder of a defendant by an original defendant only if the party he seeks to join is solely liable to the plaintiff, liable over to the defendant on the plaintiff's action, jointly and severally liable with the original defendant, or liable to the defendant on a separate cause of action which arises out of the same facts on which the plaintiff's cause of action is based. It follows that joinder is improper if none of the foregoing enumerated bases of liability exists. Accordingly, the sole issue for our consideration is whether, under the substantive law, there exists a right in favor of appellants sufficient to support their allegations of sole or joint liability.

 Realty contends that it could only be held secondarily liable since no facts were averred by the appellants to establish grounds upon which it could be held liable due to its own acts or omissions.[2] Pennsylvania's appellate courts have held that if an original defendant is primarily liable he may not require a party secondarily liable to be joined as an

---

1. President Judge Sweet delivered the opinion of the court in which Judge Bell joined. Judge Rodgers dissented and filed a separate opinion.

2. Secondary as distinguished from primary liability rests upon fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. *Burbage v. Boiler Eng. & Supply Co., Inc.*, 433 Pa. 319, 249 A.2d 563 (1969); *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951).

additional defendant.[3] *See, e. g., Jenkins v. American Dredging Co.*, 406 Pa. 145, 177 A.2d 451 (1962); *Graham v. Roberts*, 254 Pa.Super. 589, 386 A.2d 610 (1977) (per curiam). Because the court below agreed with Realty that the pleadings alleged facts which, if proved, would establish secondary liability only, it felt compelled to follow these decisions and refuse to hold the latter for answer. Although we still consider secondary liability a valid bar to joinder, we disagree that the status of Realty in this case is secondary vis--a--vis appellants.

When moving to join an additional defendant, it is necessary for the original defendant to aver facts sufficient, if proven, to support a finding of the liability alleged. *Zachrel v. Universal Oil Products Co.*, 355 Pa. 324, 49 A.2d 704 (1946). This does not mean that an original defendant must set forth the evidentiary facts upon which his allegation of liability rests, but only the operative facts upon which he relies to support this allegation. *D'Antona v. Hampton*, 225 Pa.Super. 120, 125, 310 A.2d 307, 310 (1973). Furthermore, if there exists any doubt as to whether the averments of the complaint would permit recovery if ultimately proven, the preliminary objections should not be sustained. *D'Antona v. Hampton*, 225 Pa.Super. at 123, 310 A.2d at 309. In applying these principles to the instant complaint,[4] we find that the appellant pled facts from which a finding of Realty's sole or joint liability could be made.

**3.** While a party secondarily liable is entitled to indemnity for any damages he is compelled to pay from one who is primarily liable, the converse is not true. Therefore, at least where the liability of the party sought to be joined is secondary, Rule 2252 precludes joinder since the proposed additional defendant cannot be solely liable to the plaintiff, liable over to the original defendant, jointly or severally liable with the original defendant, or liable to him on a separate cause of action in the nature of a cross claim.

**4.** We note that these principles specifically relate to the rules of pleading, in general. Rule 2255(a) provides that the "pleadings, between the party joining an additional defendant and the additional defendant shall be same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." Also, Rule 2252(b) requires that "[t]he complaint, *in the manner and form required of the initial pleading of the plaintiff in*

 It is established that the broker–client relationship is primarily that of principal and agent. *Brown & Zortman v. Pittsburgh,* 375 Pa. 250, 100 A.2d 98 (1953); *Seligson v. Young,* 189 Pa.Super. 510, 151 A.2d 792 (1959). It is also established under Pennsylvania law that a principal is not liable in deceit for his agent's false representations [5] where he has not authorized nor participated in them nor knowingly permitted the agent to make them. *Shane v. Hoffman,* 227 Pa.Super. 176, 324 A.2d 532 (1974); *Littler v. Dunbar,* 166 Pa.Super. 271, 70 A.2d 365, *rev'd on other grounds,* 365 Pa. 277, 74 A.2d 650 (1950). Indeed, we have held that proof of scienter on the part of the principal at the time of the misrepresentation is an essential element to hold the principal liable on fraud and deceit practiced by his agent.[6] *Shane v. Hoffman,* 227 Pa.Super. at 273, 324 A.2d at 537.

 Appellants averred that they had employed Realty to negotiate and discuss with the plaintiffs all matters relevant to the sale of the Cokeburg property, and that it was the only party to have direct contact with them. More particularly, appellants averred that any defects of which they had knowledge had been relayed to Realty at the time the brokerage agreement was entered into and that Realty had supervised the inspection of the Cokeburg property by the plaintiffs. These allegations establish the material and operative facts essential to a claim of sole liability under Pennsylvania law since, if believed, they establish appellants' lack of knowledge of, or participation in their agent's alleged tortious representations.

> *action,* shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded." (emphasis added).

**5.** We note that active concealment of defects known to be material to a purchaser is legally equivalent to affirmative misrepresentation. *Clement Martin, Inc. v. Gussey,* 191 Pa.Super. 464, 157 A.2d 412 (1959).

**6.** This rule is contrary to the majority view as set forth in the Restatement of Agency, §§ 257 and 258. Under the rule stated in these sections, a principal, although personally innocent, is liable in an action of deceit for harm caused to another by the tortious representations of his agent.

In addition to appellants' claim that Realty was solely responsible to the plaintiffs, they plead in the alternative that if they were found liable, then Realty was jointly liable with them.[7] Since the appellants' complaint incorporates the allegations of the plaintiffs' complaint by reference, this court may consider the factual averments in both in determining whether, under the appropriate rules of substantive law, a finding of joint tort liability can be made. *See generally Shaull v. A. S. Beck New York Shoe Co., Inc.*, 369 Pa. 112, 117, 85 A.2d 698, 701 (1952); 8 Goodrich–Amram, Standard Pennsylvania Practice, § 2252(b):1, p. 74. As previously stated, appellants in their complaint denied knowledge of any existing defective conditions and alleged that the damages sustained by the plaintiffs, if any, were occasioned entirely by the conduct of Realty. The plaintiffs' complaint averred, on the other hand, that appellants were fully aware of the defects in the foundation and that they misrepresented their knowledge at the time of sale. Treating the allegations in each as true, it is reasonably deducible that the appellants knowingly concealed the existence of these hidden defects, and that Realty assisted in the commission of this tortious conduct by failing to reveal the truth about the foundation to the plaintiffs. *See generally National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 372, 381 A.2d 963, 964 (1977). In *Shane v. Hoffman, supra,* this court held that a verdict of joint liability would be sustained where the trier of fact found misrepresentation to have occurred on the part of *both* a principal and his agent.[8] In

---

7. Inconsistent and alternative pleadings are expressly authorized by the rules of civil procedure. Pa.R.C.P. 1020(c). This practice is also implicit in additional defendant procedure since "without it, the important purpose of bringing before the court all the parties to the transaction would be defeated." *Rau v. Manko*, 341 Pa. 17, 22, 17 A.2d 422, 425 (1941).

8. While our decision in *Shane* did not involve the right of a defendant to require other parties who may also be liable in some way to be brought in as parties defendant, the facts established therein are substantially comparable to those in the present case. In *Shane*, a vendee of real property commenced a joint tort action against a vendor and her real estate agent for fraudulent misrepresentation. The owner had entrusted the sale of her property to the agent and

view of this decision, we consider the instant pleadings sufficient to state a case of joint liability as between appellants and Realty and, therefore, adequate to join the latter as an additional defendant.

■ Concededly, there may be facts adduced at trial which indicate that Realty is only secondarily liable since an agent cannot be subject to liability in tort for having innocently made misrepresentations on the strength of false information given to him by his principal. *See* Restatement of Agency, §§ 256, 348 comment b. *Cf.* Restatement of Agency, § 471 comment e (right of indemnity enures to innocent agent of guilty principal for payment of damages to third persons). The principles guiding our review of this case, however, militate in favor of Realty's joinder despite the *possibility* that its liability may be secondary and supplemental. As a general canon of interpretation, the rules of civil procedure are to "be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. This practice is of particular importance to rules governing joinder of additional defendant procedure since the primary intent of such rules "is to avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit." *Ragan v. Steen*, 229 Pa.Super. 515, 525, 331 A.2d 724, 730 (1974), *citing Martinelli v. Mulloy*, 223 Pa.Super. 130, 299 A.2d 19 (1972). With regard to Rule 2252, this court has favored broad interpretation of its requirements "not only to compel every interested person to defend the action by the plaintiff, but

had stayed out of all negotiations, merely appearing at the closing settlement. During inspection of the house, the vendee asked the real estate agent if the sewer system was in good working condition. The agent responded that it was in good condition and that he was unaware of any problem. At closing, the vendee again inquired about the possibility of improper drainage. The owner thereupon denied knowledge of any such problem. Shortly after the vendees moved into the house, a sewage backup flooded the basement with waste material. In the light of evidence indicating that the agent and the vendor knew the true condition of the sewer system, this court ordered that both be held liable to the vendee as a result of fraud and misrepresentation.

also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution." *Martinelli v. Mulloy*, 223 Pa.Super. 130, 135, 299 A.2d 19, 21 (1972), *citing Snoparsky v. Baer*, 439 Pa. 140, 266 A.2d 707 (1970). Whatever, therefore, the trial of the issues may ultimately determine, we do not share the trial court's opinion that in the circumstances of this case Realty's liability is so obviously secondary that there should be no joinder as a matter of law. Further, based upon the record development of the evidence, there are later procedural safeguards which may properly be invoked by appellee.

For the reasons herein set forth, we reverse the order entered below and remand for proceedings consistent with this opinion.