The General State Authority, Plaintiff *v.* The Sutter Corporation and Certain-Teed Products Corporation, Defendants. Dunmore Roofing & Supply Co. et al., Additional Defendants.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

No appearance for plaintiff.

*Louis G. Feldmann,* for defendants, The Sutter Corporation.

*Bernadette Barattini, Wix, Wenger & Weidner,* for additional defendants, George M. D. Lewis and Donald Berghauser, individually and t/a Lewis and Berghauser.

OPINION BY JUDGE CRAIG, November 1, 1982:

In June 1976, the General State Authority (GSA) commenced this action in assumpsit against the general contractor, Sutter Corporation,[1] for damages arising from difficulties encountered with the roof of a newly-built annex to the Scranton State General Hospital. Sutter, in turn, filed a complaint in December 1976 joining architects Lewis and Berghauser as additional party-defendants under Pa. R.C.P. No. 2252. By order of July 10, 1979, this court dismissed Sutter's complaint, with leave to amend, because the contractor had failed to set forth an adequate claim for relief.[2]

Now that Sutter has amended its complaint, alleging that Lewis and Berghauser are jointly or severally liable to GSA,[3] the architects contend through preliminary objections that Sutter has not cured the

---

[1] GSA also sued Certain-Teed Products Corporation, the supplier of roofing materials for the hospital annex. Also, the following have been joined as additional party-defendants in this action: Dunmore Roofing and Supply Company, Owens Corning Fiberglass Corporation, Garner R. Slutter, Leroy Leary, and Henry K. Fluck.

[2] *General State Authority v. Sutter Corp.;* 44 Pa. Commonwealth Ct. 156, 403 A.2d 1022 (1979). In its original complaint joining Lewis and Berghauser as additional defendants, Sutter merely noted the existence of an agreement between GSA and the architects, entered into October 18, 1966, and stated that if the roof was defective, the cause was the architects' breach of their contract. We stated:

> [T]he complaint contains no allegations of any material facts that would constitute a breach of that contract. The complaint refers to no specific acts of commission or omission on the part of the architects....

*Id.* at 161, 403 A.2d at 1025.

[3] In its amended complaint, Sutter also alleged that the architects were either solely liable or liable over to the general contractor. Sutter admits in its brief, however, that it did not plead any facts to establish these bases of liability and asks this court to treat such allegations as bare conclusions of law requiring no responsive pleading.

deficiencies in its original claim; accordingly, they ask us to dismiss the action against them or require Sutter to file a more specific complaint. Moreover, they contend that, at best, they are only liable secondarily to GSA, in order to invoke *Burbage v. Boiler Engineering & Supply Co.*, 433 Pa. 319, 249 A.2d 563 (1969) and *Eckrich v. DiNardo,* 283 Pa. Superior Ct. 84, 423 A.2d 727 (1980), for the proposition that an original defendant who is primarily liable cannot require a party secondarily liable to be joined as an additional defendant.[4]

We are satisfied, however, that Sutter's amended complaint now states a viable cause of action against Lewis and Berghauser as additional party-defendants under Rule 2252.[5]

---

[4] Secondary, as distinguished from primary liability, rests upon imputed or constructive fault only; it is based on some legal relation between the parties, or arises from some positive rule of common or statutory law, or because of the act of one primarily responsible in failing to discover or correct a defect or remedy a dangerous condition. *Burbage*, 433 Pa. at 327, 249 A.2d at 567. It is to be distinguished from cases of concurrent or joint liability, where the parties have no legal relation to one another, each of them owing a duty to the injured party. *Builders Supply Co. v. McCabe*, 366 Pa. 322, 328, 77 A.2d 368, 371 (1951).

[5] Rule 2252 permits an original defendant to join an additional defendant only if that additional defendant is:

(1) solely liable to the plaintiff;

(2) liable over to the original defendant on the plaintiff's cause of action;

(3) jointly or severally liable with the original defendant on the plaintiff's action; or

(4) liable to the original defendant on a separate cause of action arising from the same facts which support the plaintiff's claim.

"Joint or several liability," the applicable provision here, covers situations where both the defendant and the additional defendant are liable to the plaintiff, and their liabilities are (1) joint only; or (2) several only; or (3) joint and several. 8 Goodrich-Amram 2d §2252(a):8, pp. 53-55.

Rule 2252(b) requires that a defendant's complaint aver the factual basis for an additional defendant's liability in the same form and manner as the plaintiff's complaint under Pa. R.C.P. No. 1019. As under Rule 1019(a), a Rule 2252 complaint should formulate the issues by fully summarizing the "material" or "ultimate" facts, *i.e.*, those facts essential to support the claim. *General State Authority v. Sutter Corp.*, 44 Pa. Commonwealth Ct. 156, 160-61, 403 A.2d 1022, 1025 (1979). A complaint must (1) contain averments of all the facts the moving party will have to prove eventually to recover and (2) be sufficiently specific to enable the non-moving party to prepare a defense. *General State Authority v. Sutter Corp.*, 24 Pa. Commonwealth Ct. 391, 396, 356 A.2d 377, 381 (1976). A complaint, however, need not be "an all inclusive narrative of events underlying the claim." *General State Authority v. Lawrie & Green*, 24 Pa. Commonwealth Ct. 407, 356 A.2d 851 (1976).

In its amended complaint, Sutter has pleaded not only the existence of an architectural services contract between GSA and Lewis and Berghauser, but it has described how the architects' alleged failure to inspect and supervise the installation of asphalt-coated ply felts by Sutter and its roofing subcontractor, Dunmore, may have led to the entrapment of water in the roof, thereby causing blisters and leaking. Mindful of our decisions which note that a case is not tried at the preliminary objection phase of litigation[6] and guided by Pa. R.C.P. No. 126,[7] we are now satisfied that Sutter's complaint against Lewis and Berghauser pleads

---

[6] *See, e.g., Department of Transportation v. Bethlehem Steel Corp.*, 33 Pa. Commonwealth Ct. 1, 380 A.2d 1308, 1313 (1977).

[7] Rule 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.

facts which may result in the architects' liability and which enables the architects to prepare a defense. *See, e.g., Kladias & Son v. Sonneborn Building Products, Inc.*, 2 Pa. D. & C.3d 310 (1975) (in suit for breach of painting contract, architect may be joined for improper planning and supervision).

As to Lewis and Berghauser's claim of mere secondary liability, we find that the contract between GSA and the architects may establish a basis for liability of the architects concurrent with Sutter. The agreement obligated Lewis and Berghauser to

> generally supervise the aforesaid work [of constructing the hospital annex]; visit the site at least once weekly during periods of active construction and make written report to The Authority relative to the progress of the work *and guard The Authority* against defects and deficiencies in work of Contractors. [Emphasis added.]

Had GSA and the architects entered into the contract to indemnify Sutter, then Lewis and Berghauser might be correct in asserting that, as a matter of law, we could hold them, at best, secondarily liable and thus ineligible for joinder under Rule 2252. Clearly, however, GSA and the architects did not enter into the contract for that purpose and, hence a court could possibly find Lewis and Berghauser jointly and/or severally liable along with the other defendants, based upon the allegedly negligent performance of the architects' separate agreement with GSA.[8]

---

[8] We do not understand the architects' reliance upon *Burbage* and *Eckrich*. In *Burbage*, a decedent's representative sued a boiler manufacturer after one of its boilers exploded, killing the decedent; the explosion occurred when a replacement valve stuck in the open position. The boiler manufacturer joined the valve manufacturer as an additional defendant on the alternative theories of joint or several liability or liability by way of indemnity. The jury found

Because we believe that we would be furthering the general plan of joinder procedure to settle "all the rights of all the parties in all the claims that grow out of the event upon which the plaintiff sues,"[9] because the Supreme Court has directed that we give Rule 2252(a) a broad interpretation,[10] and because Lewis and Berghauser have not presented us with compelling reasons to deny their joinder, we dismiss their preliminary objections to Sutter's amended complaint.[11]

## ORDER

Now, November 1, 1982, the preliminary objections of George M. D. Lewis and Donald Berghauser, individually and t/d/b/a Lewis and Berghauser, are hereby dismissed.

---

the valve manufacturer liable by way of indemnity under a theory of strict liability in tort. The court concluded that under the Restatement 2d, the valve maker presented no evidence which could have exonerated him from primary liability.

In *Eckrich*, the Superior Court held that even if the facts adduced at trial might support a finding of secondary liability, the general canon of construing the rules of civil procedure liberally militated in *favor* of joinder, despite the *possibility* that the additional defendant's liability might be "secondary and supplemental." 283 Pa. Superior Ct. at 92, 423 A.2d at 731.

[9] 8 Goodrich-Amram 2d 2252:1, p. 20.

[10] *Free v. Lebowitz*, 463 Pa. 387, 344 A.2d 886 (1975).

[11] We find no merit in Lewis and Berghauser's argument that because the architects had entered into a separate contract with GSA, Sutter has failed to aver any basis for the architects' liability based on GSA's cause of action. It is now well-settled in Pennsylvania that we must construe "cause of action" liberally. *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971) (so long as additional defendant's alleged liability *is related* to plaintiff's original claim, it is within bounds).