## Sleasman v. Brooks

*Daniel W. Rullo, Matthew G. Melvin,* for plaintiffs.
*Frank A. Orban, Jr.,* for defendant Brooks.
*Kenneth S. Robb,* for defendants Hetz & Mayse.

COFFROTH, *P.J.,* May 15, 1984—On April 19, 1984, the jury rendered a verdict in the above comparative negligence case on special interrogatories, in which they absolved plaintiff driver of contributory negligence, found causal negligence on the part of defendants Hetz and Brooks, apportioned that negligence 40 percent to Hetz and 60 percent to Brooks, found that Brooks and Mayse both were employer of Hetz in the incident on trial, and fixed the amount of plaintiff's damages at $45,000. When the verdict was rendered and before discharge of the jury, we molded their special verdict into a verdict for plaintiffs against all defendants for $45,000; it appearing that no consensus could be reached respecting the verdict to be entered as between defendants, said order also stated that:

"The Court will later enter such verdict as between the defendants as the law prescribes after hearing counsel." Thereafter, on the unopposed petition of plaintiffs' counsel, we entered an order assessing and adding to the verdict delay damages sec reg.

We have since received in letter form the views of counsel on further molding of the verdict.

We base our present order on the following propositions:

(1) In fixing the multiple liabilities between all parties to the action, plaintiffs and defendants, the distinction between the liability of defendants to plaintiffs, and the liability of defendants among themselves (inter se) in sharing the liability to plaintiffs, must be kept in mind. Moreover, the distinctions between primary and secondary (and tertiary) liability, and between the concepts of contribution and indemnity, are also important.

(2) Of the three defendants (Brooks, Hetz and Mayse) only two (Brooks and Hetz) are tortfeasors—actors whose conduct is tortious (see Restatement 2d of Torts §5 and §6.[1] Of the three defendants, two (Brooks and Mayse) are vicariously liable as co-employers of tortfeasor Hetz; as such they are not tortfeasors; their vicarious liability is not based on wrongful conduct of their own; instead, liability is imposed upon them by law as employers for the negligence of an employee committed within the scope of his employment, sometimes called "imputed" negligence or "respondeat superior". See: Prosser, Law Or Torts (1973, West §§69-70); Restatement (Second) of Torts §485 Comment

---

[1] A tortfeasor is a wrongdoer ("tort" = wrong; "feasor" = doer); a tortfeasor is one who commits or is guilty of a tort." 35 CJS, Feasor, page 965 at note 60.5.

a. In the instant case, therefore, defendants Brooks are both tortfeasor (wrongdoer liable for their own negligence) and co-employer (vicariously liable for the negligence of tortfeasor Hetz), whereas the liability of defendant Mayse is vicarious only as co-employer of Hetz.

(3) Defendants Brooks and Hetz are "joint tortfeasors" because their concurrent negligence caused the harm to plaintiffs. When using the word "joint" in respect of tort liability or tortious conduct, care must be used to distinguish three factual situations, as follows:

(a) Two or more tortfeasors engage in a concert of action causing indivisible harm, under circumstances making each legally liable for the conduct of all. See Restatement (2d) of Torts §876.

(b) Two or more tortfeasors act separately (not in concert, but not necessarily independently), but the conduct of each is a legal cause of (substantial factor in producing) indivisible harm. See Restatement (2d) of Torts §879.

(c) Two or more tortfeasors, acting separately, cause distinct (divisible) harms for which there is a reasonable basis for apportionment of the harm caused by each. See Restatement (2d) of Torts §881.

At common law, a *joint tort* occurs only in situation a. supra. In situation b. supra, there is no joint tort, but several torts. Restatement (2d) of Torts §879. Nevertheless, in both situations a. and b., the tortfeasors are today regarded as "joint tortfeasors". See: Summary of Pennsylvania Jurisprudence, Torts II §638; PLE, Torts §10; CJS, Torts §34; Prosser, supra, §§46-47; Mason v. C. Lewis Levine, 302 Pa. 472, 153 Atl. 721 (1931); compare Union of Russian Societies v. Koss, 348 Pa. 574, 578 36 A.2d 433 (1944). Thus, ". . . to be a joint tortfeasor, 'the

parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.' " Lasprogata v. Qualls, 263 Pa. Super. 174, 179, 397 A.2d 803 (1979) at note 4; Wade v. S. J. Groves & Sons Co., 283 Pa. Super. 455, 475, 424 A.2d 902 (1981) at note 8. Although sometimes situation c. above is loosely but inaccurately described as involving "joint tortfeasors", see Wade supra, 475 note 9, and compare Pratt v. Stein, 298 Pa. Super. 92, 150, 444 A.2d 674 (1982), the term "joint tortfeasors" is properly used today only "in the sense of two or more persons who are liable to the same person for the same harm. It is not necessary that they act in concert or in pursuance of a common design, nor is it necessary that they be joined as defendants." Restatement (Second) of Torts §866A, at Comment b. The restatement substitutes for "joint tortfeasors" the term "contributing tortfeasors". Id, Chapter 44; compare Builders Supply Co. v. McCabe, 366 Pa. 322, 328 77 A.2d 368 (1951). The terms include only persons who are tortfeasors by reason of their wrongful conduct under situations a. and b. supra, not under situation c. supra, see Stoops v. Pierce, 3 D.&C.2d 545 (1955); nor those vicariously liable for the tortious conduct of another Restatement (Second) of Torts §875, Comment (a) because they are not tortfeasors. In the instant case, defendants Brooks and Hetz are joint tortfeasors under situation b. supra.

(4) Liability of defendants to plaintiffs: Joint tortfeasors are each liable to the injured parties for the entire harm. Restatement (Second) of Torts §875. Because of this joint relationship, and the entire liability of each, joint tortfeasors are regarded as jointly and severally liable to plaintiffs. See: Coyne v. Pittsburgh Railways Co., 393 Pa. 326, 335-336,

141 A.2d 830 (1958), quoting Hughes v. Pittsburgh, 300 Pa. 55,60 150 Atl. 153 (1930); Stoops v. Pierce, supra, 549; PLE, Contribution §5.[2] Since employee and employer are not joint actors, their liability to the injured parties is not joint, but severally only. Triangle v. Benedict, 40 Somerset L.J. 145, 148 (1980). But, since the employer is fully liable for the negligence of his employee which subjects the latter to liability to plaintiffs for the entire harm, and the measure of the employer's liability is that of the employee, the employer is also liable to plaintiffs for the entire harm to the extent the employee is liable. See Spickler v. Lombardo, (No. 2), 33 Somerset L.J. 340, 348 (1977). Co-employers (Brooks and Mayse) of a single employee (Hetz) are jointly and severally liable to plaintiffs, as discussed in paragraph (5) d infra.

(5) Liability Of Defendants Inter Se:

a. As between joint tortfeasors, each is equally liable for the harm to plaintiffs according to the number of joint tortfeasors, or in accordance with such other apportionment among them as is provided by statute such as the Comparative Negligence Act, Judicial Code, 42 Pa C.S. §7102. In the event a joint tortfeasor is insolvent and unable to pay his share, the shares of the solvent joint tortfeasors are increased accordingly. See: PLE, Contribution §9 at Note 90; CJS, Contribution §6b.

2." . . . [W]hen the tortious conduct is the cause of a single and indivisible harm, each contributing tortfeasor is liable to the same extent and in the same manner as if they had performed the wrongful act themselves, i.e., they are jointly and severally liable." Smith v. Thompson, 655 P.2d 116, 118 (Idaho 1982). Compare Uniform Contribution Among Tortfeasors Act, Judicial Code, 42 Pa.CS. §§8321.

b. Each joint tortfeasor who has paid more than his share of the common liability is entitled to contribution from the others; the claim for contribution is limited to the amount paid by a joint tortfeasor in excess of his share; and the liability of each other joint tortfeasor for contribution is limited to his share of the whole. See: PLE, Contribution §9; CJS, Contribution §6; Restatement (Second) of Torts §886A. The right of contribution exists only if and when the entire common liability is discharged, and does not arise in favor of an intentional tortfeasor. See Restatement (Second) of Torts §886A, and Comments thereto.[2a]

(c) As between employee and employer where the latter's liability is vicarious, the employee is primarily liable as wrongdoer and the employer is secondarily liable, on the principle of imputed negligence or respondeat superior; in such case there is no right of contribution (which exists only between tortfeasors who are joint, under paragraph (3) a. and b. supra), and instead the employer is entitled to full indemnity from the employee for any loss sustained by reason of discharging all or any part of the employee's tortfeasor liability. See: Builders Supply Company v. McCabe, supra, 326 and 328; Triangle v. Benedict, supra, 148; Spickler v. Lombardo (No. 2) supra; Restatement (Second) of Torts §886B; see also Lasprogata v. Qualls, supra, at note 4.[3]

2a In Capuano v. Echo Bicycle Co. Inc. et al, 46 Northampton 89 (1982), a defendant found strictly liable to plaintiff may have contribution from a negligent co-defendant; both concurrently harmed plaintiff.

3 This sort of primary-secondary liability as between parties liable is defined in Burbage v. Boiler Engineering & Supply Company, Inc., 433 Pa. 319, 249 A.2d 563 (1969); see also: Builders Supply Co. v. McCabe, supra; Eckrich v. Dinardo, 283 Pa. Super. 74, 423 A.2d 727 (1980); General State Author-

d. Where two or more parties (Brooks and Mayse) are co-employers of a single tortfeasor employee (Hetz), what is the relationship between them? Although in the instant case, Brooks and Mayse are not joint employers of Hetz (compare paragraph (3)a supra), they were his concurrent or common co-employers (compare paragraph (3)b, supra). The operation of the Brooks vehicle by Hetz was for the benefit of both Brooks and Mayse, and there was adequate evidence to warrant the jury's finding that they were co-employers of Hetz at the time, sharing the right of control, as provided in Restatement (2d) of Agency §226. See also: Tonsic v. Wagner, 458 Pa. 246, 329 A.2d 497 (1974); Pennsylvania Suggested Standard Jury Instructions (Civil) 4.15. In such case, the co-employers have "joint control", even though the employers are not in a joint employer relationship. Tonsic v. Wagner, supra, 253; Kissell v. Motor Age Transit Lines, 357 Pa. 204, 209-10, 53 A.2d 593 (1947); Grasberger v. Liebert & Obert Inc., 335 Pa. 491, 494, 6 A.2d 925 (1939). "It was essentially a common enterprise . . . ", Siidekum v. Animal Rescue League, 353 Pa. 408, 415, 45 A.2d 59 (1946), making both (and each) fully liable for Hetz' negligence. Compare Lindenmuth v. Steffy, 173 Pa. Super. 509, 515, 98 A.2d 242 (1953). A joint enterprise is much like a partnership. See: Restatement (Second) of Torts §491; Prosser, supra, §72; Triangle v. Benedict, supra, 147 note [1]. Partners and members of a joint enterprise or joint venture

ity v. Sutter Corp., 69 Pa. Commw. 504, 452 A.2d 75 (1982) at note 4. That sort of primary-secondary relationship between parties liable inter se must be distinguished from the absolute-contingent (primary-secondary) liability of multiple parties. See King v. Palguta, 42 Somerset L. J. 313, 29. D.&C.3d 77(1981), headnote 4.

are jointly and severally liable in tort. PLE, Partnerships §158; Triangle v. Benedict, supra, 148. Hence, co-employers are, like joint tortfeasors, jointly and severally liable to plaintiff to the extent of the employee's liability. CJS, Master and Servant §567. It logically and sensibly follows that they are, also like joint tortfeasors, subject to the rights and liabilities of contribution inter se.[4]

e. The only crossclaim pleaded in this case is that of defendants Brooks against defendants Hetz and Mayse in paragraphs 15 and 16 of Brooks' complaint against Hetz and Mayse in their joinder as additional defendants. Defendants Hetz and Mayse have pleaded no claim of liability over against each other or against defendants Brooks. Nevertheless, the proper procedure is to mold the verdict to adjudicate all defendants' rights and obligations inter se for indemnity and contribution, whether pleaded or not, in the interest of judicial economy and avoiding a multiplicity of suits. See Ragan v. Steen, 229 Pa. Super. 515, 523, 331 A.2d 724 *et seq* (1974).[5]

---

4. In Grasberger v. Liebert & Obert, Inc. supra, 494, the court said: "The verdict of the jury, supported by the evidence, established that defendant and additional defendant were in joint control of the operator of the truck and in pari delicto." In Gordon v. S. M. Byers Motor Car Co., 309 Pa. 453, 459-460, 164 Atl. 334 (1932), the court said: "The Byers Co. [defendant] controlled Lewis [employee] as demonstrator for the purpose of selling the truck, and Hazlett [defendant] controlled him in delivering the gasoline. While breach of Lewis' duty to either alone, would not have involved the other in responsibility for damages, he was negligent in doing an act for the account of both; they are joint tortfeasors."

5 Without such an adjudication, a further more extensive judicial proceeding is necessary to obtain such an adjudication and judgment for contribution or indemnity. See: Brenneis v. Marley, 5 D.&C.2d 20, 25-26 (1975); Penelec v. Knepper, 29 Somerset L. J. 328, 331 (1973); Goodrich Amram

f. In this case, the verdict entered, as molded by the order of April 19, adjudicates all causes of action then existing. Since all claims of defendants inter se are for either contribution or indemnity, which arise as causes of action only when the claimant suffers loss by payment of the claim for which he is entitled to contribution or indemnity, which has not yet occured here, no verdict or judgment can yet be entered upon the claims of defendants inter se. Nevertheless, the verdict as rendered establishes potential liabilities for contribution and indemnity, contingent upon the payments being made which will bring into being such a cause or causes of action. Hence our proper procedure as regards inter se claims is now to enter an order in the nature of "declaratory judgment, to the effect that when a loss is suffered by D1, he may, upon proof of that loss, obtain the entry of a judgment against D2 to the extent of such loss." Goodrich Amram 2d §2257:2, pages 188-189. See also Friends Cove Mutual Ins. Co. et al. v. Champion Home Builders et al. nos. 103 and 109 Civil 1983, order of May 4, 1984.

## NISI DECLARATORY VERDICT ORDER

Now May 15, 1984, it is ordered and decreed as follows:

1. Defendants Brooks (like Hetz) are jointly and severally liable to plaintiffs for the full amount of any judgment entered on the verdict. As between defendants, defendants Brooks have primary liability for 60 percent thereof, secondary liability (after defendant Hetz) for 20 percent thereof, and tertiary liability (after Hetz and Mayse) for 20 percent there-

---

2d §2257.2 at notes 34 and 37; PLE, Contribution §§10, 12 and 13; PLE, Indemnity §§8-9.

of. In the event defendants Brooks suffer any loss by paying all or any part of the Hetz share, they will be entitled to a judgment of indemnity against defendant Hetz and to a judgment of contribution against defendant Mayse when and to the extent they suffer such loss, provided the full amount of the judgment has been discharged by one of more parties.

2. Defendant Hetz (like Brooks) is jointly and severally liable to plaintiffs for the full amount of any judgment entered on the verdict. As between defendants, defendant Hetz is primarily liable for 40 percent thereof, secondarily liable (after defendants Brooks) for 60 percent thereof. In the event defendant Hetz suffers any loss by paying all or part of the 60 percent share for which he is secondarily liable, he will be entitled to a judgment of contribution against defendants Brooks when and to the extent such loss is suffered, provided the full amount of the judgment has been discharged by one or more parties.

3. Defendant Mayse is (like Hetz) jointly and severally liable to plaintiffs for the amount of any judgment entered on the verdict.[6] As between defendants, defendant Mayse has secondary liability (after Hetz) for 20 percent thereof, and tertiary liability (after Hetz and Brooks) for 20 percent thereof. In the event defendant Mayse suffers any loss by paying all or part of the Hetz share, defendant Mayse is entitled to a judgment of indemnity against defendant Hetz when and to the extent Mayse suffers such loss, provided the full amount of the liability has

---

6. Although the employer's vicarious liability to plaintiff is ordinarily several only, where the employee's liability is joint and several with another joint tortfeasor, the employer's vicarious liability must be the same. See opinion ante paragraph (4).

been paid or discharged by one or more parties. In the event defendant Mayse suffers any loss by paying all or any part of the Brooks share, he will be entitled to a judgment of indemnity against defendant Hetz and to a judgment of contribution against defendants Brooks when and to the extent such loss is suffered, provided the liability has been discharged in full by one or more parties.

4. This order is part of the verdict.

5. Defendants are allowed ten days from the date of filing this order to file post trial motions.