## Williams v. Stoneboro Borough

*P. Raymond Bartholomew,* for plaintiff.
*Joseph M. Gula,* for defendant.
*James A. Stranahan, III,* for additional defendant.

FORNELLI, *J.,* June 8, 1984—Plaintiffs filed a complaint in trespass and assumpsit against the Borough of Stoneboro alleging that on February 7, 1969 they purchased a house in the Borough of Stoneboro from the Northwest Pennsylvania Bank and Trust Company. One of the provisions of the purchase agreement required plaintiffs to pay all sewer charges or rentals assessed after February 1, 1969. They complied with all provisions of the purchase agreement and the property was deeded to them on January 24, 1973. Plaintiffs paid to defendant borough monthly charges of approximately nine dollars per month until August, 1981 when, as the result of a septic tank backup, they learned that a former owner of the property had never constructed a sewer connection line from the house to the borough's main sewer line.[1]

Plaintiffs filed a complaint in trespass and assumpsit asserting various theories of liability against defendant borough in an attempt to recover the total monthly sewer charges of $1,300 paid to the borough, as well as recover the cost of repairs to its house necessitated by the sewage backup. The borough filed preliminary objections in the nature of a demurrer to the various counts of plaintiffs' complaint.

---

1. Northwest Bank and Trust, through its predecessor bank, had issued a mortgage to the former owner. The former owner defaulted on that mortgage and the bank purchased the land at sheriff's sale on March 25, 1968. It subsequently sold the land under article of agreement to the plaintiffs in 1969 as set forth above.

By opinion and order of this court per Stranahan, P.J., dated April 27, 1983, defendant's demurrer to portions of plaintiffs' count I in trespass and count II in assumpsit were granted. The result left remaining only one valid cause of action by plaintiffs against the borough. It is an action for unjust enrichment as set forth in paragraph 11 of count I and in paragraph 14 of count II of the complaint based upon plaintiffs payment of sewer charges for the use of sewer facilities to which it was not connected.

Defendant subsequently filed a complaint to join as an additional defendant Northwest Bank and Trust Company, alleging various counts of trespass and assumpsit. The bank has filed preliminary objections to its joinder on several bases, including an objection that the complaint fails to state a proper cause of action against the additional defendant for joinder. Since we find merit in this preliminary objection, there is no need to reach the other bases asserted by the additional defendant's objections to its joinder.

We have recently considered the requirements for proper joinder of additional defendants in the case of Seidle Sand & Gravel, Inc. v. Northwest Bank et al., no. 1191 C.D. 1982 (filed June 6, 1984), to which counsel here are referred. Simply stated, the defect in defendant's attempt at joinder here is that there is no basis upon which the additional defendant bank can be liable to the borough on the cause of action it alleges, nor can the bank be liable to plaintiffs solely, or jointly or severally with the borough on plaintiffs' cause of action of unjust enrichment.

Joinder of additional defendants is governed by Pa.R.C.P. 2252 which provides in pertinent part:

"(a) In any action the defendant . . . may, as the joining party, join as an additional defendant any

person . . . who may be alone liable or liable over to him *on the cause of action declared upon by the plaintiff* or jointly or severally liable thereon with him, or who may be liable *to the joining party* on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." (Emphasis added.)

Rule 2252(a) thus establishes two bases upon which a person may be joined as an additional defendant: The first basis is grounded on the "cause of action declared upon by the plaintiff." Joinder is proper then only if, viewed through plaintiff's cause of action, the joined party can be solely liable to plaintiff, liable over or jointly or severally liable on it with the joining party. The crux of this basis is that "the original defendant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background." Schladensky v. Ellis, 442 Pa. 471, 475, 275 A.2d 663, 665 (1971).

Rule 2252(a), as amended, effective September 1, 1969, allows joinder of an additional defendant on causes of action other than that asserted by the plaintiff against defendant so long as the other cause of action is one where additional defendant is liable to the joining party and arises out of the same transactions or occurrences or series thereof upon which plaintiff's cause of action is based. Crooks v. Stewart, 15 M.C.L.J. 162 (C.P. Pa., Mercer Cty. 1976).

Therefore, for proper joinder it is necessary to allege a connection of either liability by the additional defendant for the cause of action declared upon by plaintiff (here unjust enrichment) or liability to the joining party on a cause of action that arises out of

the transactions or occurrences upon which plaintiff's cause of action is based. Neither of those bases for joinder exist in the case at bar. There is no theory upon which the bank could be liable to plaintiffs solely, jointly or severally with defendant or liable over on a theory of unjust enrichment. The bank was not enriched, unjust or otherwise, by plaintiffs paying the sewer rental fees for a non-existent sewer service. The only one enriched would be the defendant borough. Nor can the bank be liable to the borough in any manner for the payments of these fees to the bank for the non-existent sewer connection.

While the bank might conceivably be liable to the plaintiffs in some cause of action,[2] plaintiffs have not asserted such cause of action against the bank.

The fact that there is no way that the bank was unjustly enriched and therefore cannot be liable under that theory is clear upon an analysis of the facts. While plaintiffs under its contract to purchase were obligated to pay any sewer rental fees owed to the borough, the bank was not enriched by such payments and no benefit derived to the bank from it. Since the sewer was not connected, plaintiffs were not discharging any legal obligation of the bank by paying that fee. While defendant's complaint to join alleges that the bank is liable to plaintiff because of negligent misrepresentations as to the sewer, this is not a basis of liability under plaintiffs' cause of action which is unjust enrichment. Rather, it is an assertion of a different theory of liability to plaintiffs, i.e., negligent misrepresentation. Plaintiffs have not asserted that cause of action against the bank, and defendant cannot assert it for plaintiffs by joinder

---

2. Here, it is argued material negligent misrepresentation.

any more than they could assert it for plaintiffs in an independent suit by defendant against the bank.

In Yardis Corp. v. First Pennsylvania Bank, 20 D.&C.3d 679 (1980), plaintiff corporation sued a bank for wrongful payment on its checks over alleged forged endorsements of plaintiff's bookkeeper. The bank's joinder of plaintiff's accounting firm alleging negligence in permitting the embezzlement was dismissed because the theory of such joinder was distinct and unrelated to the theory of plaintiff's original complaint. As in the case at bar, additional defendant there owed no independent duty to the bank which paid the checks in contravention of its contract of deposit and the negotiable instruments.

As in the case at bar, the additional defendant in Yardis may have been liable to plaintiff on a different cause of action (in our case for negligent misrepresentation and in Yardis for professional negligence), but that cause of action is distinct and unrelated to the cause of action declared upon by plaintiff. See also Chicago Shortening Corp. v. Acme Hardesty Co., 15 D.&C.3d 575 (1980).

Proof here of the additional defendant bank's culpability for negligent misrepresentation would not change the propriety of defendant borough's conduct in receiving money for a service not provided, nor diminish or negate its responsibility to return that money to plaintiffs, from whom it was unjustly enriched. At best, the additional defendant bank created an impression in plaintiffs that it should pay the money to defendant but that does not excuse defendant from having to return the money to plaintiffs. The very mistake of fact which plaintiffs, defendant and additional defendant all acquiesced in is the basis of defendant's requirement to return the

money, not a basis to diminish or excuse its obligation to do so.

While it is recognized that the phrase "cause of action declared upon by plaintiff" is to be broadly interpreted, the additional defendant bank cannot be held liable solely or jointly with the borough or liable over on plaintiffs' cause of action. That cause is a cause of action for monies had and received and additional defendant did not receive any money and was not enriched by the payment thereof. Eads v. Smith, 276 Pa. Super. 129, 419 A.2d 129 (1980).

The right of joinder is not without limit where the liability is alleged to be sole or joint liability to plaintiff. It must be on the cause of action declared upon by plaintiff and not upon a liability foreign to that alleged in plaintiff's complaint. Upper Makefield Township v. Benjamin ·Franklin Federal Savings and Loan, 271 Pa. 399, 413 A.2d 726 (1979).

The case of Altoona Central Bank and Trust Co. v. American Casualty Co. of Reading, 415 Pa. 39, 40, 202 A.2d 29, 30 (1969), is instructive on the first basis for joinder under Rule 2252(a) even though decided prior to the 1969 amendment to that rule. The owner of real estate sued a defaulting contractor's surety on a performance bond. The surety then attempted to join as additional defendant the architect who allegedly issued certificates of completion to the owner for work not done. This theory of liability to plaintiff by reason of misrepresentations in the certificates was different from plaintiff's cause of action against the surety and therefore an improper basis for joinder. The court pointed out joinder is to be based upon plaintiff's cause of action and "not another cause of action which plaintiff *might* have declared upon" against the additional defendant. (Emphasis in original.) See also Katz v. Schuster & Bentz, 58 Erie Cty. L.J. 173 (C.P. Pa. 1975).

Thus, defendant fails to meet the first basis for joinder under Rule 2252(a), viz., that the bank is in some way liable to plaintiff or defendant on plaintiffs' declared cause of action.

Under the second basis for joinder provided by Rule 2252, defendant must establish the bank is liable to it on some other cause of action arising out of the transactions which gave rise to plaintiff's complaint.

If under appropriate rules of substantive law defendant has no rights against the additional defendant, the joinder will be improper and preliminary objections based on the failure to state a cause of action will be sustained. 8 Goodrich Amram 2d §2252(a):4, at 32.

If a third party complaint does not allege a basis upon which additional defendant was liable to defendant or a basis upon which it is solely or jointly or severally liable to plaintiff on plaintiff's cause of action, then joinder is improper. Schladensky v. Ellis, 442 Pa. 471, 275 A.2d 663 (1971).

It is not a necessary condition for joinder under the existing form of Rule 2252 that the complaint to join be based on the same cause of action as plaintiff's cause against defendant. If it is not so based, however, then it is necessary that (a) the joining cause of action arise out of the same series of occurrences or transaction as plaintiff's cause of action; and (b) that it be a cause of action upon which additional defendant is liable to the joining party. In the case at bar, joinder does not meet any of these in that defendant's complaint for joinder does not set forth a liability of the bank on plaintiffs' cause of unjust enrichment nor does it set forth a separate cause of action upon which additional defendant is liable to defendant.

American Medals Fabricators, Co. v. Goldman, 227 Pa. Super. 284, 323 A.2d 891 (1974), involved a suit where plaintiff client sued his attorney for failure to apprise plaintiff of a defect in the title to land which plaintifff had purchased. Defendant attorney attempted to join the former owner of the property, alleging the former owner was liable to plaintiff or to defendant for failure to disclose the existence of the defect in the title. The court there held that the attempt to join the former owner was improper in that the cause of action was not the same as the plaintiff's cause of action and there was no basis for liability to defendant, i.e., no duty to disclose the defects to defendant.

Defendant has attempted to justify its joinder on a basis of liability of additional defendant borough on a claim that the bank may be liable to the borough. It fails, however, to allege sufficient facts establishing a duty of the bank to the borough or to justify its claim of a liability to the borough.

A complaint to join must aver the factual basis for an additional defendant's liability in the same manner as a plaintiff's complaint under Pa.R.C.P. 1019 by setting forth material facts essential to support the claim. General State Authority v. Sutter Corp., 69 Pa. Commw. 504, 508, 452 A.2d 75, 77 (1982).

It is necessary for original defendant to aver in its complaint to join sufficient facts which, if proven, would support a finding of the liability alleged. Eckrich v. Dinardo, 283 Pa. Super. 84, 423 A.2d 727 (1980).

The borough asserts an action of misrepresentation against the bank. In paragraph 23 of its complaint to join, it alleges that the additional defendant's conduct "induced the defendant to believe" that the dwelling was connected.

There are, however, no facts alleged that establish the bank's misrepresentations were made directly to the borough; how the borough was induced; that the misrepresentations were relied upon by the borough to its deteriment; or what that deferiment is. Receiving money which one has no right to at law or being required to return it does not, of course, constitute such detriment. See Shane v. Hoffman, 227 Pa. Super. 176, 324 A.2d 532 (1974).

There are no allegations that establish a duty owing to the borough that was breached by the alleged misrepresentations. See Yardis Corp. v. First Pennsylvania Bank, 20 D. & C.3d 679 (1980); see also English v. Lehigh County Authority, 286 Pa. Super. 312, 336-38, 428 A.2d 1343, 1356-57 (1981); Restatement (Second) of Torts §552, comment h, illustration 10 (1977). The borough's complaint to join does not establish the existence of any duty of the bank to the borough for the borough's knowledge of its own sewer system and the existence of connectons to it.

One who has special knowledge, experience or competence may not rely on statements for which the ordinary man might recover. W. Prosser, Law of Torts, §717 (4th ed. 1971). Moreover, the comparative availability of information to the parties is of great importance in determining whether a representation is an assurance of fact or merely a statement of opinion. Id.

For an action of negligent misrepresentation to exist there must be a special relationship between the parties or a nexus or special reason to anticipate a reliance which justifies the basis for finding a duty of care to the recipient of the representations. Prosser at 706-09. There are not here alleged facts establishing any special relationship that would pro-

vide such a nexus or basis for such duty of care between the bank and the borough.

On the contrary, the facts alleged reveal that Borough Ordinance 282 requiring connection with its sewer system was passed on May 24, 1965. Northwest Bank did not become owner of property until 1968 at sheriff's sale and the article of agreement with plaintiffs was not entered into until 1969. Defendant's complaint to join paragraph 9 reveals that the misconception was caused by the original landowner who defaulted on his mortgage, not by the bank.

Paragraph 9 alleges that the original owner failed to cause their dwelling to be connected with the municipal sewer system in accordance with the ordinance and filled in the trench for the connection without approval and paid sewer bills as received in an effort to conceal the absence of a proper connection thereby leaving the impression of such connection.

Borough Ordinance 282 is attached as an exhibit to the complaint to join additional defendant. It sets forth the requirement of property owners to connect with its sewer system. Section three thereof places upon the borough, in the person of the borough secretary a duty to notify the owner, lessee or occupier of any land of their non-connection with the public sewer system and to require proper connections with the public sewer system within 45 days after receipt of such notice.

If any duty is revealed in the borough's pleadings, it is its own duty assumed by ordinance to identify and compel the sewer hookup of unconnected properties. Obviously, the borough did not meet that duty in the three years prior to the bank's purchase at sheriff's sale and continued not to meet its ordi-

nance-mandated duty until plaintiffs discovered the non-connection in 1981.

Thus, plaintiffs' complaint to join the additional defendant fails to meet either of the two bases for joinder under Rule 2252(a) in that it does not allege a liability of the bank to the borough nor a liability to the plaintiffs on their claim for unjust enrichment.[3]

Hence, this

## ORDER

And now, this June 8, 1984, additional defendant's preliminary objections to its joinder are sustained. The complaint to join Northwest Bank & Trust Co. as an additional defendant is dismissed.

---

3. One of the aims of Rule 2252 is to avoid a multiplicity of suits and reduce the time and expense of litigation. 6 Goodrich Amram 2d §2252(a)-6. The decision here denying joinder will meet this aim. It is obvious that plaintiffs' purpose is to be reimbursed for the monies improperly received by the borough. It chose to achieve that by the comparatively simple cause of action for unjust enrichment. Upon return of their money, no subsequent suit could be filed therefor against the bank since plaintiffs have been made whole.

Thus, the refusal to permit defendant borough to asset a cause of action which plaintiff might have, but chose not to assert against the additional defendant, precludes litigation of the issue of negligent misrepresentation. Plaintiffs having chosen not to assert it and the court not permitting its joinder to plaintiff's suit, the matter is foreclosed. Plaintiffs will have received back the monies by which the borough was unjustly enriched (assuming they prove the facts alleged) and the time and expense of litigating the issue of negligent misrepresentation will not be expended.