M. Diane KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania as statutory Liquidator of Hamilton Insurance Company, Petitioner

v.

Charles M. LEDERMAN, Timothy I. McCarthy, Sr., Carmen J. Coccoa, Jr. David W. Galloway, III, Mary G. Burns, Douglas M. Bell, James J. McCarthy, Diane C. Lederman, Patricia M. McCarthy, Michael Capaldo, Sr., Fort Washington Holdings, Inc., FWH, Inc., Respondents.

M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania as Statutory Liquidator of Premier Auto Insurance Company, Plaintiff

v.

Charles M. Lederman, Timothy I. McCarthy, Sr., Carmen J. Cocca, Jr., David W. Galloway, III, Mary G. Burns, Douglas M. Bell, James J. McCarthy, Diane C. Lederman, Patricia M. McCarthy, Michael Capaldo, Sr., Fort Washington Holdings, Inc., and FWH, Inc., Defendants.

Commonwealth Court of Pennsylvania.

Decided Dec. 11, 2003.
Publication Ordered Jan. 6, 2004.

Margaret Manolakis and Megan Willoughby, Philadelphia, for plaintiff.

Michael Kristofco, Blue Bell, for defendant, Maher Associates.

Zachary L. Grayson, Philadelphia, for defendant, C. Lederman.

Mark S. Pearlstein, Wayne, for defendants, McCarthy.

Nicholas M. Centrella, Philadelphia, for defendant, Dilworth Paxson.

David L. Pennington, Philadelphia, for defendant, Hege, Kramer, Connell, Murphy & Goldkamp.

OPINION BY Judge SIMPSON.

Before us is a petition to open/strike a judgment of non pros entered pursuant to Pa. R.C.P. No. 1042.6 based upon third-party plaintiffs'[1] failure to file a certificate of merit within 60 days of filing their complaint for professional negligence. Because third-party plaintiffs' joinder complaint states a claim for professional liability, but they did not file a certificate of merit within 60 days of the filing of their complaint or request an extension of time to do so within that period, we deny their petition.

M. Diane Koken (Plaintiff), Insurance Commissioner of the Commonwealth of Pennsylvania, acting as statutory liquidator of Hamilton and Premier Insurance Companies (companies), brought an action against the companies' former directors and corporate officers, alleging claims for breach of fiduciary duty, unjust enrichment, conversion, fraud, fraudulent conveyance, breach of contract, civil conspiracy, aiding and abetting, as well as violations of the Insurance Department Act. Generally, the Amended Complaint avers James J. McCarthy and Timothy I. McCarthy, Sr. (collectively McCarthys) acting as officers and directors, engaged in fraudulent business transactions and divested the companies of their assets for their personal gain. The alleged fraudulent transactions precipitated and deepened the companies' insolvency. The McCarthys also purportedly concealed the companies' imminent insolvency from the Insurance Department.

On May 30, 2003, the McCarthys filed an Answer with New Matter, and attached a Third–Party Joinder Complaint against their former accountants, Hege Kramer Connell Murphy & Goldkamp, P.C. (Accountants). The five-paragraph Third–Party Complaint avers:

1. [The McCarthys] incorporate each of the responses and allegations set forth in Plaintiff's Amended Complaint without any admission thereto, and allege that [Accountants] [are] solely liable to the Plaintiff, or, should [the McCarthys] be found liable to Plaintiff, [Accountants] [are] liable over to [the McCarthys] for contribution and/or indemnity. . . .

2. [Accountants] owed professional and fiduciary duties to Responding Defendants.

3. [The McCarthys] relied upon [Accountants] to perform its functions in accordance with generally accepted accounting and auditing principles and in accordance with statutory accounting principles.

4. [The McCarthys'] reliance was reasonable.

5. If the allegations set forth in the Amended Complaint regarding [Accountants] are proven, then [Accountants] negligently performed the duties which [they] owed to [the McCarthys] and to Premier.

Third–Party Complaint at ¶¶ 1–5.

The sixtieth day following the filing of the Third Party Complaint was July 29, 2003. However, the McCarthys' counsel did not file a certificate of merit or request an extension of time to do so within the 60–day period. As such, pursuant to praecipe filed by Accountants, the Prothonotary entered a judgment of non pros on

---

1. Third–Party Plaintiffs are James J. McCarthy and Timothy I. McCarthy, Sr.

Accountants' behalf on October 8, 2003. Shortly thereafter, the McCarthys filed a petition to open/strike the judgment of non pros.

■ The McCarthys raise two arguments in support of their petition. First, they contend a certificate of merit was not required here because they pled more than a claim for professional liability. Specifically, according to the McCarthys, the Third–Party Complaint avers fraud, misrepresentation, conspiracy and aiding and abetting because the averments in Plaintiff's Amended Complaint were incorporated by reference. Second, in the alternative, they assert this Court should now permit an extension of time because they could not obtain a certificate of merit as Plaintiff seized all of the required documents.

Pennsylvania Rules of Civil Procedure Nos. 1042.1–1042.8, effective January 27, 2003, govern professional liability actions. These Rules apply to professional liability claims asserted against licensed professionals, including accountants. Pa. R.C.P. No. 1042.1(b)(1)(ii). A complaint averring negligence against a licensed professional must identify each defendant against whom the plaintiff is asserting a professional liability claim. Pa. R.C.P. No. 1042.2.

Of particular importance here, "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff ... shall file ... within sixty days after the filing of the complaint, a certificate of merit signed by the attorney...." Pa. R.C.P. No. 1042.3(a).[2] A defendant who joins a licensed professional as an additional defendant must file a certificate of merit when the joinder is based on acts of negligence unrelated to the acts of negligence that are the basis for the claim against the joining party. Pa. R.C.P. No. 1042.3(c)(2).

Notably, the trial court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed 60 days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. Pa. R.C.P. No. 1042.3(d).

The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff where a certificate of merit is not filed within the required period provided there is no pending timely filed motion seeking to extend the time to file the certificate. Pa. R.C.P. No. 1042.6(a).

Pursuant to Pennsylvania Rule of Civil Procedure No. 3051, which governs "relief from judgment of non pros," if the "relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action." Pa. R.C.P. No. 3051(b)(1)-(3). This rule applies "in all cases in which relief from a judgment of non pros is sought whether

2. The certificate of merit must state either: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa. R.C.P. No. 1042.3(a)(1)-(3).

the judgment has been entered by praecipe as of right or by the court following a hearing." Explanatory Comment—1991 to Pa. R.C.P. No. 3051.

Here, in their Third–Party Complaint, the McCarthys pled a cause of action for professional liability against Accountants, who are licensed professionals. As required by Pa. R.C.P. No. 1042.2(a), the Complaint specifically identified Accountants as defendants. However, the McCarthys filed neither a certificate of merit within 60 days nor a motion to extend the time for filing the certificate within the 60–day period as required by Pa. R.C.P. No. 1042.3. Consequently, the Prothonotary properly entered a judgment of non pros on behalf of Accountants upon their praecipe. Pa. R.C.P. No. 1042.6.[3]

█ The McCarthys assert it is impossible for them to obtain the certificate of merit because the Plaintiff took possession of all of their documents. Despite this assertion, the McCarthys do not specify which documents were needed to obtain the certificate or how they attempted to obtain the documents. If the McCarthys' had a reasonable explanation for not timely filing the certificate of merit,[4] they could have filed a motion to extend the time in which to file the certificate on or before the sixtieth day. Pa. R.C.P. Nos. 1042.3(a), (d). The filing of the motion to extend tolls the period within which a certificate must be filed until the court rules on the motion. Pa. R.C.P. No. 1042.3(d). Thus, an explanation for inactivity requires an explanation concerning failure to seek an extension within the 60–day period. *See Helfrick v. UPMC Shadyside Hosp.,* —— D. & C.4th —— (Civ. Div. No. GD03–010082, filed October 7, 2003) (C.P.Allegheny) (petition to open judgments of non pros denied where certificates of merit filed 62 days after complaint and plaintiff did not reasonably explain failure to timely file certificate or seek extension). The McCarthys offer no explanation as to why they did not seek an extension within the 60–day period.

Nevertheless, the McCarthys assert their Third–Party Complaint avers claims other than professional negligence because their Complaint incorporated by reference the averments in Plaintiff's Amended Complaint.

Pursuant to Pa. R.C.P. No. 2252(d), if the person sought to be joined *is* a party, the joining party shall, without filing a praecipe for a writ or a complaint, assert in the answer as new matter the grounds upon which liability is based. On the other hand, if the person sought to be joined is *not* a party to the action, the joining party may file as of course a praecipe for a writ or a complaint. Pa. R.C.P. No. 2252(b). A joining party's complaint against an additional defendant who is not a party to the action must be in the manner and form required of the plaintiff's initial pleading and must set forth the facts relied upon to establish the liability of the joined party. Pa. R.C.P. No. 2252(b)(2); 3 *Standard Pennsylvania Practice 2d,* § 14:270 (2002 ed.).

---

3. *Compare Herrmann v. Pristine Pines of Franklin Park, Inc.,* —— D. & C.4th —— (Civ. Div. No. GD03–6835, filed September 29, 2003) (C.P.Allegheny) (judgment of non pros entered pursuant to Pa. R.C.P. No. 1042.6 for failure to file certificate of merit stricken where complaint did not aver professional negligence).

4. "There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitations was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available." *Note* to Pa. R.C.P. No. 1042.3(d).

A Rule No. 2252 joinder complaint should formulate the issues by fully summarizing the facts essential to support the claim. *Gen. State Auth. v. Sutter Corp.*, 69 Pa.Cmwlth. 504, 452 A.2d 75 (1982). It must contain averments of all facts the moving party will have to prove to recover and be sufficiently specific to enable the non-moving party to prepare a defense. *Id.* A complaint, however, need not be a complete narrative of all events underlying the claim. *Id.*

Here, the Third–Party Complaint states a professional negligence claim against Accountants. Standing alone, the Third–Party Complaint states no other claims against Accountants.

Moreover, although Accountants are mentioned, no claim is pled against them in Plaintiff's pleading. Plaintiff's averments do not state a clear claim against Accountants for anything.

Neither Accountants nor the court are required to cobble a claim from incorporated scraps. The McCarthys do not state material facts upon which unjust enrichment, fraud, misrepresentation, conspiracy and aiding and abetting claims against Accountants are based, contrary to the direction of Pa. R.C.P. No. 1019(a). Their arguments suggesting otherwise are rejected.

Based on the foregoing, the McCarthys' petition to open/strike judgment of non pros entered on behalf of Accountants is denied.[5]

### ORDER

AND NOW, this 11th day of December, 2003, James J. McCarthy and Timothy I. McCarthy, Sr.'s petition to open/strike

judgment of non pros entered on October 8, 2003 is DENIED.

---

**5.** Because of our disposition of the petition to open/strike, we will not address the defenses raised by Accountants in their preliminary objections and reiterated in their brief in opposition to the McCarthys' petition to open/strike, i.e. existence of a release agreement and statute of limitations.