## Moore v. John A. Luchsinger P.C.

C.P. of Monroe County, no. 918 Civil 2003.

*Geoffrey S. Worthington,* for plaintiff.
*Jeffrey McCarron,* for defendants.

O'BRIEN, *J.,* February 13, 2004—On February 7, 2003, the plaintiff filed a "complaint for malpractice" against an attorney and his law firm. The complaint alleges that the defendants represented the plaintiff in a wrongful death and survival action resulting from the death of his father on July 18, 1992. The lawsuit resulted in a settlement in the amount of $850,000 paid by a medical health care provider. The complaint further alleges that the settlement was consummated and the defendant attorneys' services concluded in 1996. On October 29, 2003, counsel for defendants executed a praecipe for

entry of judgment which provided in pertinent part as follows:

"I, Jeffrey B. McCarron, certify that the plaintiff named above has asserted a professional liability claim against defendant named above who is a licensed professional, that no certificate of merit has been filed within the time required by Pa.R.C.P. 1042.3 and that there is no motion to extend the time for filing the certificate pending before the court."

This document was filed in the office of the prothonotary of Monroe County on November 17, 2003. On November 18, 2003, the prothonotary of Monroe County entered a non pros. Plaintiff has filed a petition to strike or open the judgment of non pros to which the defendants have filed an answer. Following submission of briefs and oral argument, the petition to strike or open the judgment of non pros is now before the court for disposition.

On January 27, 2003, new Rules of Civil Procedure for professional liability actions were adopted by our Supreme Court. Pa.R.C.P. 1042.3(a) provides that in an action based on allegations that a licensed professional deviated from the acceptable professional standard, the attorney for the plaintiff shall file with the complaint, or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney. Pa.R.C.P. 1042.6(a) provides that the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time, provided there is no pending timely filed motion seeking to extend the time to file the certificate.

Plaintiff's complaint was filed on February 7, 2003, approximately 10 days following the adoption of the new rule. Although Pa.R.C.P. 1042.3(d) authorizes an extension of time for filing a certificate of merit, no such motion was filed in this case by counsel for plaintiff. While conceding this fact, counsel for plaintiff does point out that certificates of merit were filed in the office of the prothonotary on November 13, 2003, five days before the praecipe for entry of judgment was entered by the prothonotary.

Relief from a judgment of non pros is governed by Rule 3051 which provides that if the relief sought from a judgment of non pros includes the opening of the judgment, the petition shall allege facts showing (1) the petition is timely filed, (2) there is a reasonable explanation or a legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. The explanatory comment—1991 to this rule states that this rule "will apply in all cases in which relief from a judgment of non pros is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing." The comment further states that this rule "provides for uniformity in the requirements of the petition to open such a judgment."

Plaintiff's petition does not set forth a reasonable or legitimate excuse for the inactivity (the inactivity being the failure of plaintiff's counsel to file within the 60-day period a certificate of merit or a motion to extend the time for filing the certificate). This will be so in almost every case in which a judgment of non pros is entered for failure to file a certificate of merit. The plaintiff who

has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend. The filing of the motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion. Consequently, an explanation for the inactivity requires an explanation as to why the plaintiff did not within the 60-day period file a motion to extend the time for filing the certificate of merit. Since ignorance of the law is never an excuse, plaintiff's explanation that his counsel was unfamiliar with the new rule is not sufficient.

Disposition of the issue before the court is controlled by the recent decision of our Commonwealth Court in *Koken v. Lederman,* 840 A.2d 446 (Pa. Commw. 2003). In that case, the Commonwealth Court strictly applied the provisions of the above cited rule and refused to strike or open a judgment of non pros entered for the failure of the plaintiff to file a certificate of merit within 60 days or request an extension of time to do so within that period. In view of the clear holding of our Commonwealth Court, we conclude we are without authority to grant relief to the plaintiff.

## ORDER

And now, February 13, 2004, the petition of plaintiff Thomas P. Moore to strike or open the judgment of non pros entered by the prothonotary of Monroe County on November 18, 2003, is denied.