**Jackson v. Gary L. Sweitzer Enterprises Inc.**

C.P. of York County, nos. 2003-SU-03831-01, 2003-SU-04911-01, 2003-SU-03830-01.

*Michael W. Flannelly,* for plaintiffs.
*William J. Peters, Sharon M. O'Donnell, Robert E. Welsh, L.C. Heim, Thomas B. Sponaugle* and *Robert A. Lerman,* for defendants.

KENNEDY, *J.,* July 12, 2004—This matter is before the court on plaintiffs' petition to open judgment non pros. For the foregoing reasons, the petition is granted in part and denied in part.

## PROCEDURAL HISTORY AND FACTS

Plaintiffs, Robert E. Jackson, Joseph Filipelli and Jennifer Filipelli filed a complaint against multiple defendants, including Michael Sedor, Esquire, on December 3, 2003. Plaintiffs Troy Miller and Jennifer Miller filed a complaint against Sedor on December 10, 2003. The complaints allege that Sedor, acting in his role as attorney for plaintiffs, knew or should have known that the appraisals of the plaintiffs' properties were inflated and that plaintiffs were not qualified to obtain mortgages based on their inability to make down payments. Sedor has pled guilty to federal charges involving other transactions in the Barwood subdivision.

On March 4, 2004, Sedor filed a praecipe for entry of judgment non pros for failure of plaintiffs' counsel to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure No. 1042.3. The praecipe for entry of judgment non pros was filed 92 days after plain-

tiffs Robert Jackson and Joseph and Jennifer Filipelli filed their complaints, and 85 days after plaintiffs Troy and Jennifer Miller filed their complaint. Judgment of non pros was entered by the prothonotary of York County on March 4, 2004, in response to Sedor's praecipe.

Plaintiffs filed the instant petition to open judgment non pros on March 10, 2004. Sedor filed a response to plaintiffs' petition on April 5, 2004.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1042.3 requires the filing of a certificate of merit as to all defendants against whom a professional liability claim is asserted, including attorneys. The attorney for the plaintiff, or the plaintiff if not represented, shall file the certificate of merit simultaneously with the complaint, or within 60 days after the filing of the complaint. Pa.R.C.P. 1042.3(a). The trial court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed 60 days. Pa.R.C.P. 1042.3(d). The prothonotary, upon praecipe of the defendant, shall enter judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate. Pa. R.C.P. 1042.6(a).

There is no dispute as to whether plaintiffs were required to file a certificate of merit in this matter. The only question is whether this court should open the judgment non pros and permit plaintiffs to proceed with their claims against defendant Sedor.

Plaintiffs rely on Pa.R.C.P. 229(c) in support of their petition. Such reliance is misplaced. Rule 229(c) gov-

erns the striking off of a *discontinuance*. Relief from judgment of non pros is governed by Pa.R.C.P 3051, which by its plain language applies "in all cases in which relief from a judgment of non pros is sought whether the judgment has been entered by praecipe as of right or by the court following a hearing."

Plaintiffs also rely on Pa.R.C.P. 126, which permits the trial court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." However, we agree with the well-reasoned opinion of the Honorable R. Stanton Wettick of the Allegheny Court of Common Pleas in *Helfrick v. UPMC Shadyside Hospital,* 151 Pitts. L.J. 275 (2003). In *Helfrick,* Judge Wettick opined that Pa.R.C.P. 126 cannot be used to rewrite the Rules of Civil Procedure. Judge Wettick wrote,

"If a court were to apply Rule 126 to a petition to open a judgment of non pros for failure to file a certificate of merit unless the defendant can show prejudice, the petition would almost always be granted. Defendants are not going to be able to show that they were prejudiced by the late filing of a certificate of merit regardless of whether the delay involves 10 days, 30 days or 90 days. Consequently, the use of a prejudice standard would eliminate the rule's deadlines for filing certificates of merit. If trial judges wish to provide relief where there has been a judgment entered shortly after the 60th day and the petition is promptly filed, each judge will be creating a new deadline based on that judge's view of what is fair. One judge may decide to open the judgment whenever the petition, along with a certificate of merit, is filed within seven days of the entry of the judgment of non

pros another may use a 10-day standard. These deadlines would have nothing to do with the language within Rules 1042.6 and 3051. Trial judges would be creating a second safety net (the first being the timely filed motion to extend the time for filing the certificate provided in Rule 1042.3(d)) where the rules do not do so. This is not a proper application of Rule 126." *Helfrick,* p. 3.

We adopt Judge Wettick's reasoning and decline to excuse the failure of plaintiffs' counsel to file a certificate of merit on the basis of Rule 126.

Pursuant to Pa.R.C.P. 3051, if the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. Pa.R.C.P. 3051(b). All three factors must be present in order to open a non pros judgment.

Plaintiffs' petition does not set forth a reasonable explanation or legitimate excuse for the failure of plaintiffs' counsel to file a certificate of merit or a motion to extend the time for filing the certificate within the 60-day period established by Pa.R.C.P. 1042.3. The only reason given for such failure is inadvertence of counsel. This advanced excuse of inadvertence is not sufficiently reasonable to justify opening the judgment.

We will not, however, deny plaintiffs' petition with respect to all claims. In addition to the allegations of professional negligence, the complaints filed against Sedor aver fraud and consumer protection law violations. Our appellate courts have not yet decided whether Pa.R.C.P. 1042.6 requires the entry of judgment against the plaintiff on all claims when no certificate of merit is filed and

the complaint pleads more than a claim for professional liability.[1] However, it is the opinion of this court that when a plaintiff fails to file a certificate of merit in an action alleging professional negligence, only those claims based on professional negligence should be dismissed. Other claims in the same complaint should not be affected by the failure to file a certificate of merit. The purpose of the certificate of merit requirement is to prevent the filing of baseless professional negligence claims. Reading Rule 1042.6 to require the entry of judgment against the plaintiff on claims unrelated to professional negligence for failure to file a certificate of merit would lead to an absurd result. See *State v. Nieto,* 993 P.2d 493 (Colo. 2000).

Based on the foregoing, we conclude that the prothonotary properly entered judgment against plaintiffs on their professional negligence claims only. Accordingly, the judgment will be opened with respect to the remaining claims against defendant Sedor.

## ORDER

And now, to wit, July 12, 2004, upon consideration of plaintiffs' petition to open judgment non pros, it is hereby ordered and decreed that the petition is granted in part and denied in part. The petition is denied with respect to plaintiffs' professional negligence claims. The judgment is hereby ordered open with respect to the remaining claims against defendant Michael Sedor, Esquire.

---

1. The question was raised in *Koken v. Lederman,* 840 A.2d 446 (Pa. Commw. 2003), but the Commonwealth Court did not reach the issue, as it determined that the third-party complaint stated only a claim for professional negligence.